CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.*

FITZHUGH.

Opinion delivered July 15, 1907.

RAILROADS—SUCCESSIVE PENALTIES FOR NONCONSTRUCTION OF STOCK GUARD.—Where a landowner, after recovering a penalty from a railroad company for failure to construct a stock guard where its road

passed through his land, again notified the railroad company to construct the stock guard and it failed to do so, he may recover the penalty a second time; each separate failure being an offense which calls for the imposition of the penalty.

Appeal from Hot Spring Circuit Court; *Alexander M. Duffie,* Judge; affirmed.

Action by B. C. Fitzhugh against the Chicago, Rock Island & Pacific Railway Company to recover penalty for failure to construct a stock guard where the railroad passes through enclosed land of the plaintiff.

The plaintiff recovered judgment, and the defendants appealed.

*Buzbee & Hicks,* for appellant.

1.  The "stock guard" statute, Kirby's Digest § § 6644, 6645, being a penal statute in derogation of common right, must be strictly construed.  67 Ark. 357; 71 Ark. 232.  "Penal statutes, in declaring what acts shall constitute an offense, and in prescribing the punishment to be inflicted, are to be construed rigorously" as against the plaintiff and in favor of the defendant. 43 Ark. 415; 38 Ark. 519; 40 Ark. 97.  Unless the language of the statute expresses a contrary intent, only one penalty under it can be recovered.  46 N. Y. 644; 32 Fed. 722.  And the court cannot create a penalty by construction, but by construction must avoid it, unless it is within the letter or necessary meaning of the act creating it.  69 Ind. 199.

2.  To avail himself of the duty imposed by § 6644, Kirby's Digest, and as a condition precedent to its performance, the landowner is required to give ten days' notice in writing, but the gravamen of the offense is the failure to construct and maintain the stock guards on either side of the enclosure, and not the failure to comply with each notice the owner may elect to give; otherwise § 6645 would have provided a penalty for each failure *to comply with such notice.*

*Henry Berger* and *Morris M. Cohn,* for appellee.

There can be no doubt that if the landowner gives the ten days' notice contemplated by the statute, and the railroad company fails to comply therewith, this constitutes a complete cause of action.  And if the wrong doing continues, and the land-

owner gives another ten days' notice which is not complied with, this constitutes another and separate cause of action.   68 Ark. 548.

Where the words "for each and every offense" are contained in a statute, they indicate that a continuous act or neglect is not one offense, where it falls on different days or at different times or periods within the purview of the statute.   52 N. Y. 383; 46 N. Y. 644; 13 N. Y. 82.

McCULLOCH, J.   The only question involved in this appeal is whether or not there may be successive recoveries of penalties by the same landowner from a railroad company for successive failures, after repeated notices, to construct a stock guard at the same place.   The plaintiff in this case, after having once recovered a penalty from the defendant for failure to construct a stock guard where its road passes through his enclosed land, gave notice again in accordance with the statute demanding construction of a stock guard at the same place, and seeks to recover a penalty for failure of the company to comply with the demand.

The statute, after declaring it to be the duty of railroad companies, when demand is made therefor in writing, to construct and maintain suitable stock guards on each side of enclosed lands through which their roads pass, reads as follows: "Any railroad company failing to comply with requirements of the preceding section shall be liable to the person or persons aggrieved thereby for a penalty of not less than twenty-five dollars nor more than two hundred dollars for each and every offense, to be collected in any court having jurisdiction thereof." Kirby's Dig., § 6645.

This court has held that the amount recovered must be limited to the amount of penalty named in the statute, the inference being that the penalty was intended as full compensation for the injury done.   *Choctaw & Memphis Railway Co.* v. *Vosburg, 71 Ark. 232.*

While the question is not entirely free from doubt, we are convinced from the language employed in the statute that the Legislature meant to declare each separate refusal to construct a stock guard to be an offense and to call for the imposition of the penalty.

This statute requires railroad companies, not only to construct stock guards when demanded, but to keep them in good repair, and provides the penalty for failure to do either. Now, it could not well be contended that the imposition of one penalty for failure to repair a stock guard when demanded would bar a recovery at some other time for another failure to repair the same stock guard or one at the same place. Yet, if the statute means that there can only be one recovery for repeated failures to construct a stock guard, it would also follow that, no matter how many times the railroad company permits a stock guard to get out of repair, no penalty can be recovered if the penalty has once been imposed. We can not believe that the Legislature intended that any such construction be placed upon the enactment. If such had been the intention, we think that the recovery of compensatory damages would have been provided for, instead of penalties for each offense committed. This construction of the statute may work hardships in some instances, but a railroad company can avoid them by complying with the plain terms of the law when demand is made. We have no question before us of the inability of the company to construct the stock guards within the periods named in the written notice. It is not involved, and need not be passed upon at this time.

Judgment affirmed.