St. Louis, Iron Mountain & Southern Railway Company *v.* State.

Opinion delivered March 31, 1913.

1.  ACTIONS—FAILURE OF RAILROAD TO MAINTAIN LIGHTS—NATURE OF PRO-
    CEEDING.—An action against a railroad company for failure to
    maintain lights at switches under § § 1 and 2, Act No. 23, Public
    Acts of 1911, is under the terms of the act a civil action, in which
    a penalty is collected in the name of the State, and the act does
    not create a public offense. (Page 454.)

2.  RAILROADS—SUCCESSIVE PENALTIES FOR FAILURE TO MAINTAIN LIGHTS
    AT SWITCHES.—Under Act 23, § § 1 and 2, Public Acts 1911, requir-
    ing railroad companies to maintain lights at switches, and fixing
    a penalty for each separate offense, which shall be recovered in a
    civil action in the name of the State, a cumulative penalty is not
    imposed, and for successive violations of the statute only one re-
    covery can be had for all violations prior to the bringing of the
    action. (Page 455.)

Appeal from Bradley Circuit Court; *Henry W. Wells,* Judge; affirmed in part and reversed in part.

STATEMENT BY THE COURT.

On July 20, 1912, R. W. Wilson, prosecuting attorney, in the name of the State, for the use and benefit of Bradley County, filed in the Bradley Circuit Court three hundred and sixty-five complaints against the St. Louis, Iron Mountain & Southern Railway Company. In case No. 317 the complaint alleged that on the 20th day of July, 1911, and during the night time of said date the

defendant operated a train on which it transports freight and passengers for hire over its road from McGehee to Warren, Ark., and return, and that it failed to place and maintain lanterns or lights (a green light to indicate the main line track and a red light to indicate the side track) at its first main switch east of the depot at Warren.  On August 16, 1912, the cause was heard before the court sitting as a jury and a penalty of twenty-five dollars was assessed against the defendant.

In cases numbered 318 to 682 the pleadings are the same as in No. 317 except that each complaint names a different date on which the offense is alleged to have been committed, covering a full year from the 21st of July, 1911.  Over the objection of the defendant these cases were consolidated and tried as one case under the number of 318.  On August 16, 1912, the consolidated cases were submitted to the court sitting as a jury and the court found for the plaintiff in all cases from 318 to 682 except cases numbered 572 to 585 inclusive.  The court imposed a penalty of twenty-five dollars in each case, making a total of $8,750.

The evidence in the cases shows that appellant ran and operated a train over its line of road during the night time of each day from July 21, 1911, to July 20, 1912, without ever placing a switch light at any main line switch, or this particular one with the exceptions of about fifteen nights during the high water when the train could not get over its road.

From the judgment rendered in each case, the defendant has duly prosecuted an appeal to this court.

*E. B. Kinsworthy, James C. Knox* and *T. D. Crawford,* for appellant.

But one penalty was recoverable.  Penal statutes are to be strictly construed.  6 Ark. 131; 43 Ark. 415; 87 Ark. 411; 68 Ark. 34; 79 Ark. 213.  And the penalty imposed by such a statute will be imposed only when the case is brought within the strict letter of the law.  64 Ark. 271.  Nothing will be taken as intended that is not

clearly expressed in the statute. 79 Ark. 517, 521. See also L. R. 2 C. P. Cas. 583; 71 Cal. 541; 120 Ala. 206; 175 N. Y. 328; 46 N. Y. 644; 144 N. C. 532, 541; 157 Pa. St. 367, 378; 19 N. H. 286; 45 N. Y. 446; 179 N. Y. 448; 107 Fed. 870; 97 S. W. (Tex.) 724; 72 Miss. 491; 119 Ky. 769; 86 Pa. St. 427; 13 Lea (Tenn.) 1.

The statute, Act 23, General Acts 1911, provides for "a penalty of a fine of not less than twenty-five dollars nor more than one hundred dollars for each separate offense." The offense is a failure "to place and maintain sufficient lights during the night time on all its main line switches." Had the Legislature intended to make the failure to maintain such lights each night a separate offense it would have said so.

The conservation of the public good does not require the accumulation of a large number of penalties, and the action of the prosecuting attorney in waiting a year before taking steps to enforce the penalty does not evidence good faith toward the public.

*R. W. Wilson*, for appellee.

1. The language of the statute, the use of the words "violate," "conviction," "fine" and "offense" shows conclusively that the Legislature intended it as a criminal statute. The appeal should be dismissed for failure to lodge the transcript here within sixty days after the date of the judgments. Kirby's Dig., § 2614, and cases there cited.

2. Under the statute a fine is recoverable for "each separate offense," and each night the appellant fails to maintain the light required by the statute constitutes a "separate offense." Whenever a statute provides for the recovery of a penalty for each separate offense, the recovery of cumulative penalties is allowed. 133 Wis. 478; 14 Am. & Eng. Ann. Cas. 1061; 3 T. R. 509; 4 T. R. 228; L. R. 10, C. P. 591; 65 Ill. App. 355; 170 Ill. 474; 49 Wis. 459; 32 Ill. App. 286; 165 Ind. 613; 75 N. E. 272; 72 N. E. 174; 142 Mass. 96; 71 Cal. 541; 72 Miss. 491; 17 So. 168; 157 Fed. 459; 159 Fed. 33; 86 C. C. A. 223;

163 Fed. 642; 165 Fed. 833; 91 C. C. A. 519; 166 Fed. 160; 107 Fed. 870; 162 Fed. 775; 13 N. Y. 78; 25 Barb. 199; 52 N. Y. 383; 21 App. Div. 146; 47 N. Y. S. 349.

On the question of construing the statute and what is meant by "each separate offense," see 36 Cyc. 1102 (A), 1106 (2) (a), 1108 (c), 1110 (d), 1111 (e), 1114.(3) (a), 1175, 1183 (b); 90 N. E. 456; 62 Ala. 179; 29 Ala. 40; Black's Law Dict., "offense;" 29 Cyc. 1351-2; Kirby's Dig., § 1546.

*E. B. Kinsworthy, J. C. Knox* and *T. D. Crawford,* for appellant in reply.

The offense denounced by the statute is a continuous one and does not subject the offender to accumulative penalties, in the absence of a clear expression showing the legislative intent that penalties shall accumulate. 13 Am. & Eng. Enc. of L. (2 ed.) 63; 86 Pa. St. 427, 432; 120 U. S. 274; 61 S. W. 275; 7 Johns. (N. Y.) 134.

HART, J., (after stating the facts). The act under which the prosecuting attorney proceeded is Act. No. 23 of the Public Acts of 1911, and is as follows:

"Section 1. Any company, corporation or officer of any court or any person or persons operating any line of railroad during the night time in this State shall be required to place and maintain sufficient lights during the night time on all its main line switches, of the line of railroad so operated, and of the color green indicating main line and red to indicate side tracks.

"Section 2. That any company, corporation or officer of court or any person or persons, operating any railroad in this State, who shall violate any of the provisions of this act, shall be liable on conviction to a penalty of a fine of not less than twenty-five dollars nor more than one hundred dollars for each separate offense, which penalty shall be recovered in a civil action in the name of the State."

The prosecuting attorney has moved the court to transfer the cases numbered 2468 and 2469 from the civil docket to the criminal docket and dismiss the appeal be-

cause the defendant did not lodge a transcript in the cases in the clerk's office of the Supreme Court within sixty days after the judgments were rendered in the lower court. The act creates no public offense and according to its terms subjects the railroad to a penalty to be recovered by a civil action in the name of the State. General Acts of 1911, page 11. See also *Kansas City, Springfield & Memphis R. R. Co.* v. *The State,* 63 Ark. 134, and cases cited; *Choctaw, Okla. & Gulf R. R. Co.* v. *State,* 75 Ark. 369.

Therefore, the motion to dismiss the appeal will be overruled.

It is contended by counsel for the defendant railway company that but one penalty was recoverable for its failure to place and maintain a light on its first main line switch east of the depot at Warren. On the other hand, it is contended by counsel for the State that accumulative penalties should be recovered. The general rule governing the construction of acts of this kind is aptly stated in 33 Cyc., page 680, as follows: Since penal statutes are strictly construed, it is held that in cases of successive violations of the statute, only one penalty can be recovered for the violation prior to the institution of the suit unless the language of the statute clearly expresses a contrary intent; but where the statute clearly so provides, an accumulation of penalties may be recovered for each and every violation.

Many cases have been cited by counsel for both sides applying the rule, and inasmuch as the question whether a statute imposing a penalty is to be construed as authorizing a recovery of cumulative penalties, turns in a great measure upon the language of the particular act under consideration, we deem it useless to review these decisions. In many instances such statutes by express terms make the penalty accumulative upon each succeeding day of default. The object had in view by the Legislature in the act under consideration was to compel railroad companies to maintain switch lights during the night time on all its main line switches so that its servants

· engaged in operating trains over its line of road could tell by the color of the switch lights whether the switch was open or closed. This is for the protection of the traveling public. To effectuate this intention the act in question was passed. The offense prohibited by the act is of a continuing nature and, under the general rule, a statute imposing a penalty in such cases does not authorize the recovery of cumulative penalties. The law-makers intended to compel the railroads to obey the act at once. We think that but one penalty can be recovered upon the statute for all acts committed prior to the commencement of the action. If after this, the statute is again violated, another penalty may be recovered in another action commenced thereafter, and so on as long as violations continue. This construction tends to compel the railroad companies at once to comply with the provisions of the statute and each separate suit brought after failure to comply with the act will give the railroad company notice that the statute is being violated. We think that from a consideration of the entire act such was the intention of the lawmakers. This construction of the statute does not work any hardship against the railroad companies, and will be a prompt and effectual means of making them comply with the statute. See *Chicago, R. I. & P. Ry. Co.* v. *Fitzhugh,* 83 Ark. 481.

It follows that the judgment in No. 2468 will be affirmed, and the judgment in the consolidated cases numbered 2469 will be reversed and the cause of action dismissed.