CHICOT COUNTY v. MATTHEWS, SHERIFF.

CHICOT COUNTY v. ALCORN, CLERK.

Opinion delivered November 1, 1915.

COSTS—ACTIONS IN THE NAME OF THE STATE—LIABILITY OF COUNTY.—
Costs may not be taxed against the county in cases of failure in the prosecution of suits by the State against railroad companies for

failure to maintain sufficient lights during the night time on all their main line switches as prescribed by Act No. 23, Acts of 1911. The county not being a party to the suits, and in the absence of a statute making it so liable, it can not properly be taxed with costs.

Appeal from Chicot Circuit Court; *Turner Butler,* Judge; reversed.

*E. L. Compere* and *Harry E. Cook,* for appellant.

Section 990 of Kirby's Digest does not apply to this class of cases. The word "demand" as therein used does not embrace a mere legal right of action to enforce a civil penalty. 9 Ill. App. 39; 18 Wis. 166, and cases cited.

The sheriff and clerk would not be permitted, even if that section applied, to multiply their alleged demands and collect costs on 363 imaginary "demands," where but one existed. 107 Ark. 450.

For the public good, many services are required of officials to be performed for the county or State for which no fees are allowed. For such service they are amply paid by fees they are permitted to charge in other matters, which, standing alone, would be excessive. 32 Ark. 45; 25 Ark. 235; 57 Ark. 487; 56 Ark. 249; Kirby's Dig., §§ 1458 and 3493, note.

The sheriff is entitled to the actual number of miles traveled and no more. And as to the clerk, the causes were and should have been consolidated. He had no right to treat the causes as consolidated in many instances and then to sever and spread at large said causes on the records for the mere purpose of multiplying costs. Kirby's Dig., § 3502; 57 Ark. 565; 47 Ark. 442; 64 Ia. 11; 51 N. W. (Neb.) 598; 65 Ark. 219; 93 Ark. 535.

Before fees are allowable against a county, there must be specific statutory authority therefor—the statute must expressly, or by fair intendment indicate, an intention to authorize the fee allowed by the statute to be charged against the county. 57 Ark. 487; 58 Ark. 117; 62 Ark. 273; 73 Ark. 598; 85 Ark. 385; *Id.* 610. See also 47 Ark. 442; 73 Ark. 600; 102 Ark. 106; 25 Ark. 235, and cases cited.

*N. B. Scott,* for appellee Matthews, and *J. R. Parker,* for appellee Alcorn.

Appellees are entitled to recover under section 990 of Kirby's Digest.

HART, J.   The question involved in both these appeals is whether or not Chicot County is liable to the sheriff and circuit clerk of said county for the costs in certain cases brought by the State against the St. Louis, Iron Mountain & Southern Railway Company, for failing to comply with Act No. 23 of the General Acts of 1911.   Separate suits were instituted by the sheriff and clerk against the county, but one opinion will settle the issues involved.

The facts are as follows:   The prosecuting attorney instituted 362 suits in the name of the State against the St. Louis, Iron Mountain & Southern Railway Company to recover a penalty for the failure of the railway company to maintain sufficient street lights at the town of Dermott during the nights specified in the complaint. Similar suits had been instituted in Bradley County, and this court held that an action against the railway company for failure to maintain the lights as provided in the act was a civil action in which a penalty was collected in the name of the State and that the act did not create a public nuisance.

It was further held that the statute did not authorize the recovery of accumulated penalties and that but one penalty could be recovered for all the acts prior to the commencement of the suit.   *St. Louis, I. M. & S. Ry. Co.* v. *State,* 107 Ark. 450.

Following that decision, the circuit court rendered judgment in one case and the remaining 361 cases against the railroad company were dismissed.

C. M. Matthews was the sheriff of Chicot County and served the summons upon the railway agent at Dermott. He charged mileage from the county seat to Dermott, and also a fee for service in each case.   The total amounted to $1,201.20.   The county court denied his claim *in toto,* and he appealed to the circuit court.   The circuit court

refused to allow him mileage but allowed him fifty cents in each case for serving summons and ten cents for calling each case, making a total of $217.20.

From the judgment rendered both the county and the sheriff have prosecuted an appeal to this court.

The clerk presented to the county court a claim for $4.60 in each case or a total of $1,665.20 in the three hundred and sixty-two cases. The county court disallowed his claim and he appealed to the circuit court. The circuit court allowed him fees in the sum of $868.80 and Chicot County has prosecuted an appeal to reverse the judgment in his favor for this amount.

The statement of facts raises the question of whether or not costs can be taxed against the county in cases of failure in the prosecution of suits by the State against railroad companies for failure to maintain sufficient lights during the night time on all their main line switches as prescribed by Act No. 23 of the General Acts of 1911.

It may be stated here that the statute does not provide in terms who shall pay the costs. It is contended by counsel for the sheriff and clerk that the county is liable under section 990 of Kirby's Digest. This section provides in effect that when a county has any demand against any person or corporation, suit may be brought in the name of the State for the use of the county and that all costs and expenses not recovered from the defendant shall be paid by the county.

We do not think that section has any application to suits like the one under consideration. The act in question provides that the penalties established by the act shall be recovered in a civil action in the name of the State. *St. Louis, I. M. & S. Ry. Co.* v. *State,* 107 Ark. 450.

The suits in which the sheriff and clerk claim costs were brought in the name of the State. It is true that the complaints state that the suits are brought for the benefit and use of Chicot County, but this is a mere conclusion of the pleader. There is no provision in the act

itself which makes the county liable for the costs, and we do not think that such liability can be sustained under the general statute just referred to. The county was not a party to the suit, and, in the absence of a statute making it liable for costs it could not be properly taxed with the costs.

In the case of *State* v. *Blackburn,* 61 Ark. 407, the court held that the costs in a bastardy proceeding could not be charged against the county where the defendant was acquitted. The court further held that bastardy is a subject of civil proceedings, and, in discussing whether the costs could be taxed against the county in case of failure in the prosecution, said:

"Our conclusion is that no one is bound for costs, unless rendered so by some positive provision of law, or as a necessary implication from provisions of law, and that neither the State nor the county is bound even by legal provisions, unless it is specifically or by necessary implication named or referred to therein."

Section 7183 of Kirby's Digest provides that all fines, penalties and forfeitures imposed by any court, except those imposed by mayors' or police courts in any city or town, shall be paid into the county treasury for county purposes.

So it will be seen that the fines and penalties in all criminal cases go to the county. Prosecutions therefor are in the name of the State; but the counties are not liable for the costs in the absence of a statute making them liable.

In *Stalcup* v. *Greenwood District, Sebastian County,* 44 Ark. 31, and *Craighead County* v. *Cross County,* 50 Ark. 431, it was held that counties are not liable for costs in misdemeanors or felonies where a *nolle prosequi* had been entered. The reason assigned is that the liability of counties for costs in criminal proceedings rested alone upon the statute.

The next General Assembly meeting after the decision in the case last mentioned enacted a statute so as to make cases dismissed by *nolle prosequi* on the same

basis as cases tried and resulting in an acquittal. In the case last mentioned the court said that officers are frequently called upon to render services for which no specific compensation has been provided by law, and that this is especially true of services rendered to the State or to a county. The performance of such services without pay is an incident of the office. There being no provision in the act itself, which makes the county liable for costs, nor any general statute under which such a liability can be sustained, it may not be lawfully done.

It follows that the judgment of the circuit court was wrong in both cases. The judgments will, therefore, be reversed and the causes of action of both the clerk and sheriff will be dismissed.