ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.* STATE.

### Opinion delivered July 10, 1916.

1. CRIMINAL LAW—PROTECTION OF RAILWAY EMPLOYEES—RAILROAD FROGS—PENALTY—HOW ENFORCED.—The penalty provided by §1, Act 261, Public Acts of 1911, for the failure of appellant railway company to maintain certain blocks in certain frogs at certain places on its line, may be enforced by criminal process.

2. CRIMINAL LAW—VIOLATION OF LAW BY RAILROADS—ENFORCEMENT OF PENALTY—PROTECTION OF FROGS AND GUARD RAILS.—Under Act 261, Public Acts of 1911, the failure of a railroad company to maintain blocks in any or all of its frogs and guard rails, in a certain county, constitutes but a single offense, for which but one criminal prosecution can be brought; but other prosecutions can be brought if the railroad company continues to neglect to comply with the statute.

Appeal from Pope Circuit Court; *A. B. Priddy,* Judge; reversed as to case No. 2081; affirmed as to case No. 2080.

*Thos. B. Pryor* and *W. P. Strait,* for appellant.

1. This prosecution is under Acts 1911, 263. Penal statutes, * * * strictly construed—nothing will be taken as intended, not clearly expressed. 79 Ark. 517; 107 *Id.* 450; 6 *Id.* 131; 43 *Id.* 415; 87 *Id.* 411; 64 *Id.* 271. A failure to properly block *all* the frogs, constitutes only *one* offense.. All omissions are only *one* continuing offense, and a conviction in the first case is a bar to further convictions. 107 Ark. 450. See, also, 6 *Id.* 131; 43 *Id.* 415; 87 *Id.* 411; 68 *Id.* 34; 79 *Id.* 313; 64 *Id.* 271; 13 Am. & Enc. Law (2 ed.) 63; 86 Penn. St. 427; 61 S. W. 275; 7 Johns. (N. Y.) 134; Acts 1911, p. 11, as construed in 107 Ark. 450-454. The court erred in overruling the de-

murrer and in holding that this act, No. 261, Acts 1911, created a criminal offense; but, if so, the conviction in the first case was a bar to any further prosecution.

*Hill, Fitzhugh & Brizzolara, amici curiae.*

1.   The circuit court had no jurisdiction for the reason that the actions are civil in their nature, and having been instituted before a justice of the peace, such court had no jurisdiction, and the circuit court acquired none on appeal.   The act does not create a crime, but a public duty to be enforced civilly.   48 Ark. 301; 107 *Id.* 450; 220 U. S. 589; 214 *Id.* 1013; 154 Fed. 95; 98 App. Div. N. Y. 450; 83 N. E. 459; 45 Ark. 387.   This last case was relied on by the State, but it has no bearing on this case.

2.   There was only one offense.   1 Bish. New Cr. Law, § 1061 and note; 8 Ct. Ct. Reporter, 604; 97 S. W. 720-4; 105 Ark. 60; 56 *Id.* 350; 59 Ala. 64; 46 N. Y. 644.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant.

1.   The act creates a public offense.   Kirby's Digest, § 1516.   The appellant's citations, 107 Ark. 574; 63 *Id.* 136 and 56 *Id.* 166, shed no light upon the construction of the act.   The others do not apply here.

2.   The act speaks for itself and creates a crime.   111 Fed. 525; 55 Minn. 183, etc.   See, Kirby's Digest, § § 1707, 1647, 1653-5-6.   A fine is a penalty.

3.   The plea of former conviction will not stand. Appellant was liable for each and every violation of the act—separate offenses.   107 Ark. 450.

Hart, J.   On the 10th day of August, 1915, the prosecuting attorney filed an information before a justice of the peace in Pope County, Arkansas, charging that the St. Louis, Iron Mountain & Southern Railway Company, on the 2d day of August, 1915, did unlawfully fail, neglect and refuse to place and maintain blocks of sufficient size to prevent employees from getting their feet caught in the fifth frog east of the icing station in the yards at Russellville, Ark., as required by section 1, Act 261, of the General Acts of 1911.

On the 11th day of August, 1915, the prosecuting attorney filed another information before a justice of the peace in Pope County, charging that the same railroad company on the 3d day of August, 1915, failed, neglected and refused to place and maintain blocks of sufficient size to prevent employees from getting their feet caught in a certain frog; being the second frog east of the icing station in Russellville, Arkansas, as required by section 1, Act 261, of the Acts of 1911. The defendant was convicted in each case before the justice of the peace and took an appeal to the circuit court. The trial in the circuit court again resulted in the conviction of the defendant in each case, and from the judgments rendered, the defendant has appealed to this court.

The cases were consolidated here for the purpose of hearing.

The informations were filed by the prosecuting attorney under Act 261 of the Acts of 1911. The act reads as follows: "Section 1: That any company owning or operating any railroad in this State shall be required to place and maintain blocks of sufficient size in all its frogs and guard rails to prevent employees from getting their feet caught therein."

"Section 2. Any company owning and operating any railroad in this State violating the provisions of this act, shall be liable on conviction to a penalty of a fine of not less than $25 for each separate offense." General Acts of 1911, pages 257, 258.

(1) In construing the switch light statute which was passed at the same session of the Legislature, we said, "The act creates no public offense, and, according to its terms, subjects the railroad to a penalty to be recovered by civil action in the name of the State." *St. Louis, Iron Mountain & S. Ry. Co.* v. *State*, 107 Ark. 450. So, too, in the *Kansas City, Etc., Ry. Co.* v. *State*, 63 Ark. 136, in construing the statute requiring railroad companies to give a signal for public road crossings the court said that the act created no public offense, and that the proceedings to collect the penalty of the statute were in the nature of a civil action. Counsel for the de-

fendant claimed that these decisions are decisive of the present cases and in effect hold that the recovery of the statutory penalty must be in an action of a civil instead of a criminal nature. We do not agree with counsel in this contention. In those cases the words, "creates no public offense" were used in their ordinary acceptation, and meant that the act did not create a criminal offense within the meaning of article 2, section 8, of our Constitution which provides that no person shall be held to answer a criminal charge unless on the presentment or indictment of a grand jury, except in certain enumerated cases. This is shown by the reasoning of the court in the case of *Railway Company* v. *State*, 56 Ark. 166, where the court had under consideration the section of the statute which provides a penalty for failure of a railway company to signal at a highway crossing. Section 1546 of Kirby's Digest, which is a part of our criminal code provides that a public offense is any act or omission for which the law prescribes a punishment. Section 2082 of Kirby's Digest, which is also a part of our criminal code, reads as follows: "A public offense, of which the only punishment is a fine, may be prosecuted by a penal action in the name of the State of Arkansas, or in the name of an individual or corporation, where the whole fine is given to such individual or corporation. The proceedings in penal actions are regulated by the practice in civil actions."

So it will be seen that under our code the recovery of statutory penalties may be by actions of a civil or criminal nature as the Legislature may direct. The act providing the penalty for the failure of a railroad company to light switches contains a clause which provides in express terms that the penalty shall be recovered in civil actions in the name of the State. *St. Louis, I. M. & S. Ry. Co.* v. *State*, 107 Ark. 450. This act was passed at the same session of the Legislature as the act now under consideration. The act now under consideration does not provide that the penalty shall be recovered in a civil action in the name of the State. The omission is significant in indicating that 't was the intention of-the

Legislature that the penalty under the frog statute should be recovered by criminal proceedings.

As said by Mr. Justice Field, in *United States* v. *Chouteau*, 102 U. S. 611, "Admitting that the penalty may be recovered in a civil action, as well as by a criminal prosecution, it is still as a punishment for the infraction of the law. The term 'penalty' involves the idea of punishment, and its character is not changed by the mode in which it is inflicted, whether by a civil action or a criminal prosecution. * * * To hold otherwise would be to sacrifice a great principle to the mere form of procedure." The penalty provided by the statute is a punishment that the State inflicts upon the carrier which has violated the protective measures provided by the statute. The statute in express terms provides that the company violating the provisions of the act shall be liable on conviction to a penalty of a fine." The words "fine, penalty and conviction" convey the idea of punishment, imposed and enforced by the State for a crime or offense against its laws. The penalty denounced by the statute was in the nature of a punishment for the nonperformance of the acts imposed by the statute. There is nothing in the language used which indicates that the Legislature intended that the proceedings should be regulated by the practice in civil actions. This the Legislature had the power to do, but it is sufficient to say that it has not done so. It is manifest that the Legislature intended criminal process for the enforcement of the penalty prescribed by the act. The prosecutions were begun by informations filed by the prosecuting attorney before justices of the peace and as the proceedings contemplated by the statute are criminal, the justice of the peace had jurisdiction of them and the circuit court properly so held.

(2) It is next contended by counsel for the defendant that but one penalty can be recovered for a violation of the provisions of the statute in each county. On the other hand, it is contended by counsel for the State that the statute contemplates that the corporation shall be liable for a penalty if it fails to comply with the act at each and every station and every frog at said station.

We do not agree with the contention of counsel on either side in its entirety. Courts have always been opposed to the enforcement of penalties except to the extent necessary to secure the manifest object of their infliction. For this reason penal statutes are construed strictly. The declared purpose of the present statute is to require railroad companies to place and maintain blocks of a sufficient size in all its frogs and guard rails to protect employees from getting their feet caught therein. If the Legislature had meant to provide that the penalty should be imposed for a violation of each and every frog at each and every station, we think it would have so declared in express terms. Under our Constitution general jurisdiction for the trial of crimes is vested in the circuit courts and it is through the medium of county organizations that this jurisdiction is exercised. The duty of the railroad is to place and maintain blocks of a sufficient size in all its frogs and guard rails and the penalty accrues on its neglect to do so. It is not increased by the increased number of places in which it neglects to provide them in each county. The failure to block and maintain blocks at any and all of its frogs constitutes but one offense. A separate penalty does not accrue for the failure to place and maintain blocks at each of its frogs. *Clark* v. *Lisbon*, 19 N. H. 286. To illustrate, if the railroad company has twelve frogs in any one county and fails to block all of them, this still constitutes but one offense. If it fails to block one of them this still constitutes an offense. The railroad does not comply with the statute by blocking a part of its frogs, but it must block all of them, and a failure to block any or all of them constitutes but one offense. It would not do to say, however, that but one penalty could be recovered; for this would defeat the manifest purpose of the statute. The railroad could defeat the purposes of the statute by failing to comply with it and paying one penalty therefor in each county. We think the penalty is a continuing one in the sense that but one penalty can be recovered in each county under the statute for all acts committed prior to the commencement of the prosecution. If the railroad company failed

to construct and maintain blocks in its frogs as required by the statute, such penalties may be recovered as often as there are failures to comply with the statute. If, after the commencement of the prosecution, the statute is again violated, another penalty may be recovered in another prosecution commenced thereafter, and so on as long as violations continue. To illustrate, if a prosecution should be instituted on the 10th day of a month, this would be a warning to the railroad company of an intention on the part of the State to enforce the statute, and the prosecuting attorney might institute prosecution each day thereafter until the railroad company would comply with the statute. This construction of the statute is just and reasonable and carries out the intent of the Legislature. Such construction will compel railroad companies to comply with the statute, and will also protect them from cumulative penalties by not allowing prosecuting attorneys to institute prosecutions for a ruinous amount of penalties at one time. This construction is in accordance with the rule laid down with regard to the failure to light switches in the case of the *St. L., I. M. & S. Ry. Co.* v. *State*, 107 Ark. 450. See, also, *K. C. M. & B. Rd. Co.* v. *J. J. Spencer et al.*, 72 Miss. 491.

In case No. 2080, the prosecution was commenced on August 10, 1915, and the judgment in that case will be affirmed.

The information in No. 2081 was not filed until the 11th day of August, 1915, but it charged a violation of the statute on the 3d day of August, 1915. This was prior to the commencement of the first prosecution, and could not be done under the rule we have laid down above.

It follows that the judgment in No. 2081 will be reversed and the charge contained in it against the defendant dismissed.