STATE, FOR USE AND BENEFIT OF INDEPENDENCE COUNTY *v.* TAD SCREEN ADVERTISING COMPANY.

4-5644 133 S. W. 2d 1

Opinion delivered November 13, 1939.

*Preston W. Grace,* for appellant.

*Keaton, Wells & Johnson* and *Dene H. Coleman,* for appellee.

HUMPHREYS, J. This suit was brought by appellant against appellee, a foreign corporation, in the circuit court of Independence county to recover a penalty of $1,000 provided by § 2251 of Pope's Digest for doing intrastate business in Arkansas without first complying with §§ 2247-2250 of Pope's Digest. Sections 2247-2250 of Pope's Digest provide, in substance, the conditions upon which foreign corporations may do an intrastate business and § 2251 provides the penalty against foreign corporations for doing such business in the state without first complying with the conditions. It was alleged in the complaint that appellee was a foreign corporation doing business in this state without qualifying itself to do so and that on that account it was subject to a penalty of $1,000 and that appellee engaged in the business of furnishing screen advertising material and having same screened for various merchants in Independence county, Arkansas, during the year 1938; that it entered into contracts with various merchants in Independence county, Arkansas, whereupon it agreed to and did furnish advertising material for said merchants in consideration of certain amounts paid and to be paid to it by the merchants. It was also alleged that appellee entered into contracts during the year 1938 with certain theaters in Independence county, Arkansas, to screen the advertising films furnished by appellee advertising the products of said merchants for which appellee paid certain amounts to said theaters.

Appellee filed an answer admitting that it was a foreign corporation doing business under the laws of the state of Delaware and that appellee had not quali-

fied itself to do business in Arkansas as a foreign corporation under the provisions of Pope's Digest mentioned in the complaint and alleging by way of a complete defense that during the year 1938 and at all other times the transactions, negotiations, or other matters of business done or performed in the state of Arkansas by appellee have been, were and are strictly in interstate commerce and that it is not subject to penalties imposed by the statutes of Arkansas on foreign corporations doing an intrastate business in the state.

The cause was submitted to the court, sitting as a jury, upon the complaint, the answer and the testimony introduced by the respective parties which resulted in a finding that the business transacted by appellee was interstate and not intrastate and that appellee was not subject to the penalty imposed by the statutes of Arkansas against foreign corporations for doing business in this state without first qualifying themselves to do so and rendered a judgment in favor of appellee, from which is this appeal.

The record reflects that appellee was a foreign corporation and that it maintained a district office in Dallas, Texas; that it had not complied with the laws authorizing it to do business in this state; that it had no office in the state of Arkansas and maintained no place of business; that it had a soliciting agent whose business it was to solicit advertising contracts; that these contracts were solicited and obtained by this agent subject to the approval of appellee at its office in Dallas, Texas; that these contracts were not approved by any agent of the defendant in the state of Arkansas; that the nature of the contracts made by appellee with the merchants was for advertising films and that these films were manufactured outside of the state of Arkansas and shipped by appellee either by mail or express from its district office in Dallas, Texas, to the Melba Theater at Batesville, Arkansas, to be screened by the theater when appellee notified it to do so, the screening being paid for by appellee and after being screened the films were to be returned to appellee either by mail or express to

its branch office in Dallas, Texas; that the merchants paid appellee for manufacturing and screening the films and that appellee paid the theater for screening the films.

The contracts in the instant case were not sale and purchase or lease contracts of films manufactured in another state and shipped interstate by appellee to local merchants or advertisers in Batesville so that the local merchants or advertisers might contract with the theater or theaters in Batesville to exhibit or screen them; neither were they contracts leasing or selling the films to the theaters and shipping them interstate to the theaters so that the theaters might charge the local merchants or advertisers for exhibiting or screening them, but were contracts retaining the title and control of the films in appellee. The contracts provided that after receiving the films by interstate shipment to the theaters they were not to exhibit or screen them unless and until directed to do so by appellee. The appellee was to and did pay the theaters for exhibiting or screening the films at certain intervals which was wholly independent of the interstate shipment or transportation of them and the exhibition or screening of the films under the directions of appellee were intrastate transactions.

The exhibition of pictures is not interstate commerce. 12 C. J., § 111, p. 83.

The distinguishing feature between contracts interstate and intrastate in nature depends upon the main purpose of the contracts.

We think the main purpose of these contracts was the exhibition or screening in Arkansas of advertising films and that the manufacture and shipment of the films was incidental to the main purpose of the contracts. If correct in this construction of the contracts, then the penalty imposed by our statute is not an interference with interstate commerce. Of course it would be otherwise if the manufacture and shipment of the films was the main purpose of the contracts and if the exhibition or screening of them was incidental only, then the statute imposing a penalty would interfere with interstate commerce.

In the case of *Dean* v. *Caldwell,* 141 Ark. 38, 216 S. W. 31, this court said:

"The decision of the case turns, therefore, on the question whether or not the transaction was interstate commerce. It seems clear to us that the contract was not interstate commerce. It was not for the sale of goods to be shipped from another state. The sale of certain articles of merchandise was a mere incident to the main purpose of the contract which was one whereby Partin Manufacturing Co., undertook to carry on, for appellee's benefit, what is designated in writing as a 'trade campaign' . . . The business was intrastate and not interstate, and the sale of goods was merely an incident. The contract did not necessarily imply a shipment from outside the state, but, even if it did, that would not alter the character of the main transaction, to which the sale of goods was a mere incident. This conclusion is supported by the decisions of the Supreme Court of the United States in *Browning* v. *Waycross,* 233 U. S. 16, 34 S. Ct. 578, 58 L. Ed. 828, and *General Railway Signal Co.* v. *Virginia,* 246 U. S. 500, 38 S. Ct. 360, 62 L. Ed. 854. The question arose in a different form in those cases, but the principles announced are the same as in the instant case."

Again this court said in the case of *Sunlight Produce Co.* v. *State,* 183 Ark. 64, 35 S. W. 2d 342, that: "A forgein corporation cannot avoid or circumvent the statutes by engaging in interstate business along with local or intrastate business. In other words, the courts will not permit a foreign corporation to camouflage an intrastate business with interstate business so as to evade or avoid the penalty imposed by the statutes for doing an intrastate business without complying with the law."

The contracts and facts in the case at bar are practically similar to the facts in the case of *Ligon* v. *Alexander Film Co.,* 55 S. W. 2d 1030, decided by the Supreme Court of Texas in which it was ruled that the screening or exhibiting of advertising films was doing intrastate business in the state of Texas contrary to the provisions

of art. 1536 of the statutes of Texas. The statute, in substance, is the same as our statute. In the course of the opinion the court said: "the matter of publicly exhibiting the films was essentially intrastate business," and cited the following cases in support of that declaration: *Mutual Film Corporation* v. *Industrial Commission,* 236 U. S. 230, 35 S. Ct. 387, 59 L. Ed. 552; *Mutual Film Corporation* v. *Hodges,* 236 U. S. 248, 59 L. Ed. 561, 35 S. Ct. 393.

The court further said: "The matter of manufacturing and shipping the films was but incidental to the accomplishment of the essential purpose of the contract, namely, the advertising at Lubbock, the business of Ligon, by the use of the films. The circumstance that interstate commerce was involved in the manufacture and shipment of the films does not alter the intrastate character of the public exhibition of the advertising matter contained in the films. The situation is controlled by the same principle as were the cases of *Browning* v. *Waycross,* 233 U. S. 16, 34 S. Ct. 578, 58 L. Ed. 828; *General Railway Signal Co.* v. *Virginia,* 246 U. S. 500, 38 S. Ct. 360, 62 L. Ed. 854."

Having reached the conclusion that the exhibition and screening of the films under the contracts and facts herein constituted doing business essentially intrastate without complying with the statutory conditions in Arkansas under which they might do so, the judgment of the court must be reversed and the cause remanded for further proceedings not inconsistent with this opinion.