ALEXANDER FILM COMPANY v. STATE, USE PHILLIPS COUNTY.

4-6217 147 S. W. 2d 1011

Opinion delivered February 24, 1941.

*Brickhouse & Brickhouse,* for appellant.

*John L. Anderson* and *Douglas S. Heslep,* for appellee.

HUMPHREYS, J. Separate suits were brought in the name of the state of Arkansas for the benefit of Phillips county in the circuit court of said county against appellants to recover from each a penalty of $3,000 for failing to qualify as foreign corporations under §§ 2247 to 2251, inclusive, of Pope's Digest before transacting business in the state of Arkansas.

For the purposes of trial the cases were consolidated in the circuit court and heard upon an agreed statement of facts resulting in a judgment of $1,000 against each appellant, from which is this appeal.

The agreed statement of facts on which the case was heard is as follows: "It is agreed that the Alexander Film Company and Motion Picture Advertising Company are corporations, not connected in any way with producers of motion pictures for amusement; that their business is to make and sell screen advertising to merchants or other businesses or companies; that all contracts of Alexander Film Company are approved and accepted at Colorado Springs, Colorado; that all contracts of Motion Picture Advertising Service Company, Inc., are approved and accepted at New Orleans, Louisiana. That both of these advertising companies contract with motion picture theatres to run their advertising; that their pictures are on the screens in connection with their regular picture shows; that all their contracts are accepted and approved at Colorado Springs, Colorado, and New Orleans, Louisiana.

"That judgment in the sum of one thousand dollars was rendered against Alexander Film Company in Independence county on October 17, 1938, and said judgment

satisfied in full February 24, 1939; that Alexander Film Company obtained its certificate of authority as a foreign corporation from the Secretary of State on March 2, 1939.

"That judgment in the sum of one thousand dollars was rendered against the Motion Picture Advertising Company, Inc., in White county on the 15th day of January, 1940, satisfied in full the 23rd day of April, 1940; that the Motion Picture Advertising Service Company, Inc., obtained its certificate of authority as a foreign corporation from the Secretary of State on March 7, 1940; that by agreement of the prosecuting attorney of White county said judgment was paid in installments.

"That both advertising companies have advertised in twenty counties in the state of Arkansas before obtaining certificates of authority when advised by counsel that they were engaged in interstate commerce; that no new contracts were made by either of the defendants after judgment was rendered and before obtaining their certificates of authority as foreign corporations to do business in Arkansas; that prior to January 15, 1940, the Motion Picture Advertising Service Company, Inc., engaged in the business of furnishing screen advertising material and had same screened for various merchants in Phillips county, Arkansas; that pursuant to a contract entered into between the defendant, Motion Picture Advertising Service, Inc., and Paramount Theatre of Helena, Arkansas, said theatre showed on its screen films furnished by the defendant; that at that time the defendant had not complied with the laws of the state of Arkansas as stated in the original complaint filed in this cause; that prior to October 17, 1938, the defendant, Alexander Film Company, engaged in the business of furnishing screen advertising material and had same screened for various merchants in Phillips county, Arkansas; that pursuant to a contract entered into between the defendant, Alexander Film Company, and the Plaza Theatre of Helena, Arkansas, said theatre showed on its screen, film furnished by the defendant; that at that time defendant, Alexander Film Company, had not com-

plied with the laws of the state of Arkansas, as stated in the original complaint filed in this cause.''

By reference to the agreed statement of facts it will be seen that a penalty of $1,000 was assessed against one of the appellants in a suit brought in Independence county, and a penalty of $1,000 was assessed against the other appellant in a suit brought in White county, and that after each paid the judgment against it each qualified and obtained a certificate to do business in Arkansas under §§ 2247, 2248, 2249, 2250, and 2251 of Pope's Digest of the laws of Arkansas. It will also be observed that appellants had done business in about twenty counties in the state, including Phillips county, before judgments were rendered against one of them in Independence county and against the other in White county without having obtained a certificate to do business in the state as provided under the sections of Pope's Digest aforesaid. It will also be observed that the reason they did not obtain certificates to do business in Arkansas before doing business in this state is that they had been advised by an attorney and were of the opinion that they were engaged in interstate commerce and were not, therefore, required to comply with the provisions of Pope's Digest aforesaid before doing business in this state.

This court ruled on November 13, 1939, in the case of *State* v. *Tad Screen Advertising Co.*, 199 Ark. 205, 133 S. W. 2d 1, that the character of business appellants had been engaged in was intrastate and not interstate business, and that corporations engaged in such business were subject to the payment of the penalty imposed by § 2251 of Pope's Digest, and appellants did not violate said statute after the pronouncement of the Supreme Court in the case aforesaid.

The question arising on this appeal is whether appellants were subject to further penalties by counties in which they did business without receiving authority to do so, after each had paid a penalty of $1,000 in another county of the state for the same offense, whereupon they then obtained a certificate of authority as pro-

vided by the sections of Pope's Digest aforesaid before the actions in Phillips county were filed against them.

Section 2251 of Pope's Digest reads as follows: "Any foreign corporation which shall fail to comply with the provisions of this act, and shall do any business in this state, shall be subject to a fine of not less than $1,000, to be recovered before any court of competent jurisdiction, all such fines so recovered shall be paid, into the general revenue fund of the county in which the cause of action shall accrue, and it is hereby made the duty of the prosecuting attorney to institute said suits in the name of the state for the use and benefit of the county in which the suit is brought."

It seems to us the sole purpose of the penalty imposed under this statute is to secure compliance with the provisions requiring foreign corporations to secure a certificate of authority to do business in this state before doing any business in the state. In other words, it was not the purpose of the statute to raise revenue either for the state or any county in the state. It is a penal statute and when construed strictly is a deterrent statute forbidding foreign corporations to do business in this state before they first obtain certificates to do so from the Secretary of State. There can be no question that such statute must be strictly construed in favor of those against whom the penalty is sought. This court said in the case of *State* v. *International Harvester Co.,* 79 Ark. 517, 96 S. W. 119, that: "Penal statutes must be strictly construed in favor of those against whom the penalty is sought to be imposed and nothing will be taken as intended that is not clearly expressed."

We find no expression in the statute itself indicating that the intention of the Legislature is to impose accumulated or aggregated penalties upon an offender who has complied with the law after one penalty has been imposed. In the instant case a single penalty had the effect of making each appellant apply for and obtain a certificate of authority to do business in the state.

This court said in the case of *St. Louis, Iron Mt. & So. Ry. Co.* v. *State,* 125 Ark. 40, 187 S. W. 1064, that:

"Courts have always been opposed to the enforcement of penalties except to the extent necessary to secure the manifest object of their infliction. For this reason penal statutes are construed strictly. The declared purpose of the present statute is to require railroad companies to place and maintain blocks of a sufficient size in all frogs and guard rails to protect employees from getting their feet caught therein. If the Legislature had meant to provide that the penalty should be imposed for a violation of each and every frog at each and every station, we think it would have so declared in express terms. . . . The failure to place and maintain blocks at any and all of its frogs, constitutes but one offense. A separate penalty does not accrue for the failure to place and maintain blocks at each of its frogs."

The court further said in the course of the opinion that: Penalties will only be enforced to the extent necessary to secure the manifest object of their infliction.

As before stated we think the purpose of § 2251 of Pope's Digest was to compel foreign corporations before doing business in this state to apply for and obtain a certificate of authority to do business within the borders of the state. That purpose having been accomplished by the imposition of one penalty upon each appellant it was unnecessary to impose further penalties upon them to force them to comply with the law. They had already complied with the law before these suits were brought in Phillips county to impose additional penalties upon them.

The judgments against them are, therefore, reversed, and the complaints are dismissed.