UPI v. HERNREICH, d/b/a STATION KZNG

5-3797                                               406 S. W. 2d 317

Opinion delivered September 19, 1966

*R. Scott Campbell* and *Daily & Woods,* for appellant.

*Harper, Harper, Young & Durden,* for appellee.

ED. F. McFADDIN, Justice. This appeal challenges the ruling of the Circuit Court in sustaining defendant's motion for summary judgment and dismissing the plaintiff's complaint.

Appellant, United Press International, Inc., was the plaintiff below. It is, and was at all times herein involved, a corporation not domesticated in Arkansas (see Ark. Stat. Ann. § 64-1201 [Repl. 1966]), and engaged in selling information to various news media. Appellee, at all times herein involved, was owning and operating a radio broadcasting station in Hot Springs, Arkansas, originally under the call letters KBLO, and later under the call letters KZNG.

In December 1961 appellant and appellee entered into a contract whereby appellant agreed to furnish news services for broadcasting, and appellee agreed to pay stipulated amounts therefor. In October 1963 appellant filed this action against the appellee, claiming unpaid amounts due on the contract, which contract was made an exhibit to the complaint. Appellee admitted that the contract had been signed, but claimed[1] that plaintiff, as a non-domesticated foreign corporation, was barred from maintaining the action. The appellee then filed the deposition of Mr. James R. Campbell, State Manager of United Press International, Inc.; and, based

---

[1]The defendant's answer said:

"Further answering defendent states that at the time of the execution of said contract, to-wit: December 15, 1961, and at the time of the filing of plaintiff's complaint and at the present time, plaintiff, a corporation organized and existing under the laws of the State of New York, had not qualified to do business as a foreign corporation within the State of Arkansas as provided by the laws of said state, although at all of said times plaintiff was engaged in doing business within the State of Arkansas, and defendant states that, therefore, under the provisions of Section 64-1202, Arkansas Statutes 1947, Annotated, said contract is unenforceable by plaintiff against defendant, and plaintiff has no right to maintain this action against defendant."

entirely on that deposition, the appellee moved for summary judgment of dismissal of the complaint, saying:

"In his answer, defendant affirmatively alleged that at the time of the execution of the contract the plaintiff was a corporation organized and existing under the laws of the State of New York, which had not qualified to do business as a foreign corporation within the State of Arkansas, and that at the time of the execution of the contract plaintiff was engaged in doing business within the State of Arkansas, and that therefore under the provisions of Section 64-1202, Arkansas Statutes, 1947, Annotated, the contract sued upon by plaintiff is unenforceable by plaintiff against defendant. Said affirmative allegation in defendant's answer has not been denied by plaintiff and therefore must be taken as admitted to be true by the plaintiff.

"Defendant states that the foregoing constitutes a complete defense to plaintiff's complaint and that on this issue alone defendant is entitled to a summary judgment of dismissal of plaintiff's complaint, and that therefore there is no genuine issue of fact to be determined herein.

"Defendant attaches to this motion the deposition of plaintiff's state regional manager, James R. Campbell, which affirmatively shows that plaintiff was engaged in doing business in the State of Arkansas in intrastate commerce at the time the contract in question was executed, even though it appears from the pleadings that this allegation has been admitted."

The Circuit Court granted the motion for summary judgment, stating: " . . . plaintiff's complaint should be dismissed for the reasons stated in said motion." From such judgment of dismissal, there is this appeal.[2]

---

[2]Appellant urges these points:

"I. The Court erred in sustaining the motion for summary

1. *The Summary Judgment Issue.* At the threshold of the appeal, the appellee insists that the appellant filed no pleading to counter the motion for summary judgment, and filed no affidavits controverting the motion; and appellee claims that such failure on the part of the appellant was, in itself, sufficient grounds for the action of the Court in granting the summary judgment. We do not agree with the appellee in such position. In moving for summary judgment the appellee had the burden of establishing that there was no genuine material fact question, and that on the record as made the summary judgment should be granted. By Act No. 123 of 1961, Arkansas adopted Rule 56 of the Federal Rules of Civil Procedure[3] regarding summary judgment. The Act may be found in Ark. Stat. Ann. § 29-211 (Repl. 1962). Sub-section (c) of § 29-211 reads in part: "The judgment sought shall be rendered forthwith, *if the pleadings,* depositions, and admissions *on file,* together with the affidavits, if any, *show that there is no genuine issue as to any material fact,* and that the moving party is entitled to judgment as a matter of law." (Italics our own.)

So the Court examines the *pleadings;* and, under the pleadings in this case, we hold that summary judg-

judgment for the reason that the appellee failed to sustain his burden of demonstrating that there are no genuine issues of material fact.

"II. There are genuine issues of material fact in this case on which appellant is entitled to a trial.

"A. This contract does not come within the prohibition of Section 64-1202 Arkansas Statutes (1947) Annotated because it is a New York contract; or, at the very least, an issue of fact exists on that point;

"B. This contract arose out of interstate commerce and provides for transactions constituting interstate commerce and thus does not fall within Section 64-1202; or, at the very least, an issue of fact exists upon that point."

[3]Some of the federal cases construing the Federal Rule 56, on the point here at issue, are: *Poller* v. *Columbia Broadcasting System;* 363 U. S. 464, 7 L. Ed. 2d 458, 82 S. Ct. 486; *Durastell* v. *Great Lakes Corp.,* 205 F. 2d 438; *Booth* v. *Barber Co.,* 256 F. 2d 927; *Hiern* v. *St. Paul Co.,* 262 F. 2d 526; *McHenry* v. *Ford Motor Co.,* 269 F. 2d 18.

ment should not have been granted because there was a genuine issue as to the material fact of the place in which the contract sued on had been made. In the complaint it was stated that the ". . . plaintiff and defendant entered into a written contract, a copy of which is attached hereto, made a part hereof, and marked 'Exhibit A'; . . ." In the answer, the defendant ". . . admits the execution of the contract described in paragraph III of said complaint." The opening sentence of the contract was this: "Made this 15th day of December, 1961, at New York, New York, between United Press International, Inc., a New York corporation, hereinafter called UPI, and George T. Hernreich, d/b/a Radio Station KBLO, Hot Springs, Arkansas, hereinafter called broadcaster." It will be observed that the contract alleged that it was made "at New York, New York."

Was it made at New York, New York? There is nothing in the deposition of Mr. Campbell (and that is all the defendant offered) to show that the contract was made in any other place except New York, New York. Before the defendant could bring himself within the purview of Ark. Stat. Ann. § 64-1202, he would have to show that intrastate commerce was involved, and that the contract was made in the State of Arkansas. This point will be developed in Topic II of this Opinion. Until the defendant made such proof he was not entitled to claim any benefits under Ark. Stat. Ann. § 64-1202, and the admission of the defendant in his answer, as previously copied, prevented the defendant from being entitled to any summary judgment. The defendant, as the moving party, had the burden to establish that he was entitled to summary judgment. *Wirges* v. *Hawkins,* 238 Ark. 100, 378 S. W. 2d 646; *Russell* v. *Rogers,* 236 Ark. 713, 368 S. W. 2d 89; *Young* v. *Dodson,* 239 Ark. 143, 388 S. W. 2d 94. Such burden required the defendant to establish that there was no genuine issue as to the material fact that the contract was made in Arkansas, since only contracts made in Arkansas are in the prohibitory provision of the Foreign Corporation Statute, as we will now discuss. The defendant failed to discharge such

burden so the summary judgment should not have been granted.

II. *The Foreign Corporation Issue.* The appellee claims that the appellant, as an admitted non-domesticated foreign corporation, is prohibited by Ark. Stat. Ann. § 64-1202 (Repl. 1966) from maintaining this action. To this claim appellant makes two answers: the first is that only interstate commerce is involved; and the second is that, even if intrastate commerce is involved, nevertheless the contract was not made in Arkansas and thus is not within the prohibitory provisions of the statute.

If all the transactions under the contract were in interstate commerce, then, of course, Ark. Stat. Ann. § 64-1202 has no application. Assuming, however, but not deciding, (a) that the deposition of Mr. Campbell established that some of the dealings under the contract were in intrastate commerce, and (b) that if any of the performance was in intrastate commerce, then any action on any part of the contract is within the prohibitory language of § 64-1202, we necessarily come to the question of whether a non-domesticated foreign corporation may use the courts of this State to obtain any relief under a contract *made outside Arkansas.* This brings us to a study of Ark. Stat. Ann. § 64-1202, which has many times been before this Court; but we find no Arkansas case directly in point on the issue here presented.[4]

The statute (§ 64-1202) has two distinct penalty provisions. The first provision is a fine to be collected against any non-domesticated foreign corporation that

---

[4]In the annotations following Ark. Stat. Ann. § 64-1202 (Repl. 1966), the case of *Graysonia, N. & A. R. Co.* v. *Newberger Cotton Co.,* 170 Ark. 1039, 282 S. W. 2d 975, is cited as authority for this statement: "A foreign corporation may sue in the state to enforce contracts made in other states without complying with the statutory requirements for doing business." But the reported case does not show that the non-domesticated foreign corporation was seeking to enforce an intrastate transaction resulting from a contract made outside Arkansas.

does business in this State. This fine provision applies regardless of where any contract may have been made, but the statute does not state that the assessment of the fine also makes the contract void. The second penalty provision in the statute is the one here in issue, and is contained in this statutory language: ". . . and as an additional penalty, any foreign corporation which shall fail or refuse to file its articles of incorporation or certificate as aforesaid, *cannot make any contract in the state which can be enforced by it either in law or equity. . .*" (Italics our own.) It will be observed that by the quoted language the courts of this State are closed to any non-domesticated foreign corporation only when seeking to enforce any contract *made in this State.* So the place of the making of the contract becomes most material in the case at bar, assuming any intrastate commerce is involved and that any such would taint the entire transaction.

The statute that is now Ark. Stat. Ann. § 64-1202 has been many times before this Court and the original statute has been several times amended. Judge Leflar, in his volume, "Conflict of Laws," published in 1938, in §§ 50, 54 and 57 thereof, discussed the history of the statute and the many cases involving it. In § 54 there is this statement: "It has been said that the Arkansas statute cannot apply to prevent actions on contracts not made in Arkansas, even though interstate commerce be not involved. *Brace* v. *Gauger-Korsmo Const. Co.* (CCA 8th 1926), 36 F. 2d 661." Cert. denied, 74 L. Ed. (U. S.) 1153.

The cited case is directly in point. There, the non-domesticated foreign corporation made a contract in Tennessee, to be performed in Arkansas, and the statute was invoked against the action of such non-domesticated foreign corporation. The Circuit Court of Appeals stated: "The lower court held that this statute could not be invoked in the instant case because the contract was not made in the State of Arkansas. The correctness of this holding of the trial court is challenged by ap-

pellants, and it is urged that as the contract was one to be performed in the State of Arkansas it was within the inhibition of the statute.'' In affirming the trial court, the Circuit Court of Appeals said: ''The ruling of the court finds support in *State, etc. Ins. Assn.* v. *Brinkley,* 61 Ark. 5, 31 S. W. 157, 29 L.R.A. 712, 54 A.S.R. 191, where the court says: 'Though the appellant company failed to comply with the statute by not doing those things required of foreign corporations before doing business in this state, the contracts in this case were not void on that account, as they were Illinois contracts.' ''

A case not going quite as far as the *Brace* case, *supra,* but shedding light on the foreign corporation issue, is *Pratt Laboratories* v. *Teague,* 160 F. Supp. 176, in which Judge John E. Miller, for the Western District of Arkansas, in his usual thorough manner, reviewed the various cases on the Arkansas statute concerning non-domesticated foreign corporations, and concluded: ''The statute does not concern itself with the place of performance, but merely refers to the place of the making of the contract . . .''

We have repeatedly held that § 64-1202 is a penal statute and must be strictly construed in favor of those against whom the penalty is sought. *Alexander Film Co.* v. *State,* 201 Ark. 1052, 147 S. W. 2d 1011; *Murray Tool Co.* v. *State,* 203 Ark. 874, 159 S. W. 2d 71. In thus strictly construing the statute in favor of the appellant, we must conclude that the statute closes the doors of the State courts to a non-domesticated foreign corporation only on those actions involving contracts *made in this State.* The general rule in other jurisdictions involving similar statutes supports our conclusion. In 23 Am. Jur. 331, ''Foreign Corporations,'' § 357, cases and texts are cited to sustain this statement: ''A foreign corporation is ordinarily entitled to maintain an action in a state court on a contract made by it in another state, irrespective of whether it has complied with the state statute.''[5]

---

[5]There is an annotation in 81 A. L. R. 1134 entitled: ''Applicability of provisions explicitly invalidating contracts made by

We therefore conclude that the place of the making of the contract in this litigation is a material question and that the determination of that question presents a genuine issue as to a material fact; and therefore the trial court was in error in sustaining the defendant's motion for summary judgment.

Reversed and remanded.

BLAND, J., dissents from that portion of this Opinion which relates to summary judgment.

foreign corporations not licensed to do business in state, to contracts made outside of the state," and cases from various jurisdictions are cited in the annotation.