MIELLMIER v. TOLEDO SCALE COMPANY.

Opinion delivered March 26, 1917.

1. APPEAL AND ERROR—REQUESTS FOR INSTRUCTED VERDICT.—Where both parties request peremptory instructions only, their action is tantamount to a submission of the cause to the court.
2. FOREIGN CORPORATIONS—FAILURE TO COMPLY WITH STATE LAWS— DEFENSE.—In an action on a contract by a foreign corporation if defendant pleads that it has failed to comply with the laws of the State, the burden is cast on the plaintiff to show that it has complied with the State laws.
3. FOREIGN CORPORATIONS—DOING BUSINESS IN STATE—FAILURE TO COMPLY WITH LAWS.—Under the facts held, that plaintiff, a foreign corporation, was doing business in the State, and that it had not complied with the laws of the State, so as to entitle it to bring an action to enforce a contract made here.

Appeal from Sebastian Circuit Court, Greenwood District; *Paul Little*, Judge; reversed.

The appellant *pro se*.

1. The court erred in refusing to direct a verdict for appellant. Plaintiff was doing business within this State without complying with its laws. This was alleged in the answer and is not denied. 20 Ark. 204-7; 12 *Id.* 769; 10 Cyc. 1359; 90 Ark. 73; 15 *Id.* 156; 115 *Id.* 166.

*Geo. W. Dodd*, for appellee.

1. Both parties moved for an instructed verdict. This waived a trial by jury and left it to the court to decide. 100 Ark. 71; 105 *Id.* 25.

2. There was no proof that plaintiff had not complied with the laws of this State and there is no proof that it had transacted business in this State except this one sale. The burden was on defendant. The law presumes that a foreign corporation doing business here has complied with the laws. 55 Ark. 163. See also 66 Ark. 314; 62 *Id.* 63.

HART, J. Toledo Scales Company sued W. H. Miellmier to recover the purchase price of certain computing scales.

The complaint alleges that plaintiff is a corporation domiciled at Toledo, Ohio, and that defendant is a resident of the Greenwood District of Sebastian county; that it entered into a written contract with defendant for the sale of scales to be used in his grocery business, and that defendant owes it the balance of the purchase price in the sum of $125.00. The defendant in his answer stated that he did not deny that the plaintiff is a corporation organized under the laws of Ohio but asserts that the contract was entered into in the State of Arkansas and that plaintiff has failed and refused to comply with the laws of the State in regard to foreign corporations doing business within the State. The defendant for further defense alleged that the contract for the sale of the scales was not an absolute one and averred that under it, he had a right to return the scales if they proved unsatisfactory.. He stated that he did offer to return the scales and the plaintiff refused to receive them.

The plaintiff introduced in evidence the written contract which was absolute in its terms. The defendant testified that Campbell, the sales agent for the plaintiff, first exhibited to him a contract absolute in its terms and that he refused to sign it and that there was attached to it a written contract whereby it was agreed that he should have sixty days within which to try the scales and that if they did not prove satisfactory he might return them at any time within the sixty days; that the scales were delivered to him at his place of business in the State of Arkansas, by the plaintiff's agent at the time the contract was executed; that the scales proved to be unsatisfactory and that he offered to return them to the plaintiff within sixty days as provided in the contract and that the plaintiff refused to accept them; that the scales were subsequently destroyed by fire without his fault, and the contract was destroyed by the same fire, which burned down his place of business.

The defendant was corroborated by the sales agent of the plaintiff in all respects. He testified that he sent in the contract to the district manager of the plaintiff at Fort Smith and that the contract sent in was in all respects as testified to by the defendant. At the conclusion of the testimony each party asked the court for a directed verdict. The court directed a verdict for the plaintiff and the defendant has appealed.

(1) The effect of our decisions is that where both parties request peremptory instructions and do nothing more, they thereby assume the facts to be undisputed and submit to the trial judge the determination of the inferences proper to be drawn from them. *St. L. Sw. Ry. Co.* v. *Mulkey*, 100 Ark. 71, and *St. L., I. M. & S. R. Co.* v. *Ingram*, 118 Ark. 377. Under this rule the direction of the verdict by the court must have been sustained had there been no issue raised by the appeal except as to whether the sale was an absolute one or was made with right of the defendant to return the property if the scales were not satisfactory.

The answer of the defendant, however, alleges that the plaintiff had failed and refused to comply with the laws of the State of Arkansas in regard to doing business in this State. Before authority is granted to any foreign corporation to do business in this State it must file with the Secretary of State a resolution adopted by its Board of Directors consenting there that service of process upon any agent of such company in the State or upon the Secretary of State shall be a valid service upon said company in any action brought in this State. It is also required to file a copy of its charter, duly certified by the proper authority, together with a statement of its assets and liabilities and the amount of its capital employed in this State, and shall designate its general office in this State and name an agent upon whom process may be served. Acts of 1907, p. 744. The Act also provides that any foreign corporation which shall fail or refuse to file its articles of incorporation or certificate as provided cannot make any con-

tract in this State which can be enforced by it either in law or in equity.

In the case of *Lehigh Valley Coal Co.* v. *J. K. Gilmore et al.*, 93 Minn. 432, vol. 2 A. & E. Ann. Cas. 1004, it was held that a foreign corporation doing business within a State will be presumed to have complied with the statutes thereof prescribing the condition upon which such corporations may do business within the State, and in an action brought by a foreign corporation, where its failure to comply with the statutes does not appear upon the face of the complaint, the defendant must plead such failure or it will not be available to him as a defense. The failure of a foreign corporation to comply with the law of the State before it may maintain an action goes to its capacity to sue and unless it complies with the law, it has no capacity to sue. A note to the case just cited states that the reported case is in accord with the weight of authority. See also note to 9 A. & E. Ann. Cas. at p. 492.

In a case note to 13 A. & E. Ann. Cas. at p. 69, it is said that compliance by a foreign corporation with domestic statutes will be presumed unless the failure to comply therewith appears on the face of the complaint and that the failure to comply with such statute is held to be a defense which must be taken advantage of by answer. See also 12 R. C. L., sec. 79, p. 101.

In the present case the complaint did not show on its face the failure of the plaintiff to comply with the domestic statutes in regard to foreign corporations doing business in this State but the answer of the defendant pleaded this as a defense to the action. This cast upon the plaintiff the burden of showing its right to maintain the action. It was a matter which related to the plaintiff's right to sue and having been put in issue by the defendant's answer the burden was upon the plaintiff to establish it. There was no proof in the record tending to show that the plaintiff had complied with the statutes of Arkansas in regard to filing its certificate with the Secretary of State as provided by

the Act of 1907 above referred to, but it is contended by counsel for plaintiff that it did not do business within the meaning of the statute just referred to. The agent of the plaintiff who made the sale of the scales and the defendant himself, both testified that the contract for the sale of the scales was made at the defendant's place of business in the State of Arkansas and that the agent had the scales with him and delivered them to the defendant at the time. The agent also testified that he sent the contract to the district manager of the defendant at Fort Smith, Arkansas. Under this state of facts it might have been found that the plaintiff was doing business in the State within the meaning of our statute on the subject. *Clark* v. *The J. R. Watkins Medical Co.*, 115 Ark. 166.

It follows that the court erred in directing a verdict for the plaintiff and for that error the judgment will be reversed and the cause remanded for a new trial.