## No. 9105.

### WATSON v. EMPIRE CREAM SEPARATOR COMPANY.

CORPORATIONS—*Foreign—Failure to Comply with Local Statute,* must be pleaded, in the first instance. If defendant answers to the merits the omission is waived.

*Error to Denver District Court, Hon. Chas. C. Butler, Judge.*

Mr. CAESAR A. ROBERTS, Mr. LESLIE M. ROBERTS, for plaintiff in error.

Mr. WILLIAM N. VAILE, Mr. HAMLET J. BARRY, for defendant in error.

Opinion by Mr. Justice Allen.

THIS is an action to recover an alleged balance due on the purchase price of goods sold and delivered. The plaintiff obtained judgment, and defendant brings error.

THE plaintiff in error, defendant below, contends, in his brief, that the trial court had no power to enter judgment in favor of the plaintiff. This contention arises from the following facts: After a verdict was rendered for the plaintiff, the defendant in a motion for a new trial set forth alleged facts showing that plaintiff was a foreign corporation, doing business within this state, and had not complied

with the law of Colorado relating to foreign corporations, whereby it would have the right to prosecute or defend any suit in this state.   Assuming that the facts thus recited are true, under the circumstances appearing in the record in the instant case, the court nevertheless had the power to enter judgment for the plaintiff, and the contention above mentioned cannot be sustained.   The defendant did not plead, in any manner, the plaintiff's noncompliance with the statute in question.   As said in *Utah Nursery Co. v. Marsh*, 46 Colo. 212, 103 Pac. 302, "Noncompliance with these statutes is a matter of defense."   In *The Illinois Sewing Machine Co. v. Harrison*, 43 Colo. 362, 365, 96 Pac. 177, this court held "that the fact of noncompliance is a matter of defense to be pleaded by the defendant in bar of the action."   The defendant's failure to plead noncompliance amounted to a waiver thereof.   19 Cyc. 1321; 12 R. C. L. 102, sec. 79.   In *Miellmier v. Toledo Scales Co.*, 128 Ark. 211, 193 S. W. 497, it is said:

"The failure of a foreign corporation to comply with the law of the state before it may maintain an action goes to its capacity to sue, and, unless it complies with the law, it has no capacity to sue."

And in 30 Cyc. 98, it is said:

"If in fact the capacity (to sue) is lacking, the defect must be insisted upon, through proper pleadings in due season, by defendant."

In the instant case, the defendant did not present, in due season or at the proper time, the issue or the fact of plaintiff's noncompliance with the statutes, or its lack of capacity to sue, and under the authorities above cited, cannot be heard to raise this objection on this review.

Error is assigned to the trial court's overruling the motion for a new trial when, in connection with the motion, the fact of plaintiff's noncompliance with the statutes was shown.   No sufficient reason appears, either from the briefs or otherwise, for our holding that any error was committed in overruling the motion.

A consideration of the other assignments of error argued, including those relating to the sufficiency of the evidence, leads to finding that no reversible error is shown in the record.

The judgment is affirmed.

Chief Justice Garrigues and Mr. Justice Bailey concur.