No. 9885.

FREDERICKSEN *v.* CITY NATIONAL BANK· OF OMAHA.

Decided January 9, 1922.

Action on promissory note.   Judgment for plaintiff.

*Affirmed.*

1.  BILLS AND NOTES—*Collateral Security.*   Where a promissory note is given as collateral security for a debt which though partly paid, still exceeds the amount of the note, the pledgee does not lose his character as a holder for value.

    Where a promissory note is taken as collateral security for a debt, the taker is a purchaser for value in due course.

2.  PARTIES—*Capacity to Sue—Pleading.*   If in fact the capacity to sue is lacking, the defect must be insisted upon through proper pleadings in due season by defendant.

3.  BANKS AND BANKING—*Liquidating Bank—Capacity to Sue.*   A banking institution liquidating its affairs under supervision of the comptroller of currency, not being insolvent or in the hands of a receiver, retains the right to bring suit in its own name on a note belonging to the bank.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Messrs. LILYARD & SIMPSON, Mr. WENDELL STEPHENS, for plaintiff in error.

Mr. WILLIAM H. WADLEY, for defendant in error.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action brought by a holder against the maker of a promissory note to recover upon the instrument. There was a judgment for plaintiff. Defendant brings the cause here for review.

It is contended, in effect, that plaintiff is not a bona fide holder in due course. The note was given by the defendant to W. S. Marr and D. C. Shetler. Marr and Shetler assigned it to the plaintiff as collateral security for their note of $5,000, given to and held by plaintiff. There is no evidence that the $5,000 has been fully paid. There is evidence, however, that a portion of the principal remains due and unpaid, and is in the form of a judgment upon which execution was issued and returned unsatisfied. The debt which is yet due plaintiff exceeds the amount of the note herein sued on. The debt secured by defendant's note still exceeding the amount of the note, the plaintiff, if a pledgee, has not lost his character as a holder for value. 8 C. J. 488. Where a note is taken as collateral security for a debt, the taker is a purchaser for value, and in due course. 8 C. J. 487.

The defendant contends that the plaintiff has no right to maintain this action. This point was not raised in the court below by either demurrer or answer. In *Watson v. Empire Cream Separator Co.*, 66 Colo. 284, 180 Pac. 685, this court quoted with approval the following from 30 Cyc. 98:

"If in fact the capacity (to sue) is lacking, the defect must be insisted upon, through proper pleadings in due season, by defendant."

For this reason, the objection, so far as it goes merely to plaintiff's capacity to sue, may be deemed waived. The question was presented to the trial court only by a motion for non suit at the close of plaintiff's evidence.

The contention in this connection also is that "the trial court was without jurisdiction to render judgment." The plaintiff is a banking institution, organized and existing under the federal national-bank act. It does not appear in

the record that at the time this action was brought, or at any time, the bank was insolvent or in the hands of a receiver. It was not carrying on an active banking business. It was liquidating its affairs, and was under the supervision of the Comptroller of Currency. Such facts do not show that plaintiff had not the right to maintain the action as it did, in its own name, but are consistent with the right of the officers to sue on a note belonging to the bank, in the name of the bank. 7 C. J. 839, sec. 808. No facts are shown which preclude the trial court from having jurisdiction.

We find no error in the record. The judgment is affirmed.

MR. CHIEF JUSTICE SCOTT, MR. JUSTICE TELLER, and MR. JUSTICE BAILEY not participating.