Sunlight Produce Company *v.* State.

Opinion delivered February 2, 1931.

*Shouse & Rowland,* for appellant.

*Jack Holt* and *V. D. Willis,* for appellee.

Humphreys, J. This suit was brought in the circuit court òf Boone County against appellant by the prosecuting attorney of the 14th Judicial Circuit in the name of the State of Arkansas, for the benefit of said county, to recover the penalty prescribed by § 1832 of C. & M. Digest for appellant's failure to file with the Secretary of State a copy of its charter or articles of incorporation as prescribed in § 1826 of C. & M. Digest.

It was alleged in the complaint that appellant, a foreign corporation, had engaged in intrastate business in Boone County in violation of said statutes.

Appellant filed an answer admitting it was a foreign corporation, but denying that it had engaged in intrastate business in said county.

The cause was submitted to a jury, and at the conclusion of the testimony the court instructed a verdict against appellant for the minimum penalty after which judgment was rendered for $1,000, from which is this appeal.

The sole question presented by the appeal for determination is whether the undisputed testimony reflects that appellant was engaged in any intrastate business in

Boone County, Arkansas. It has been ruled by this court that a foreign corporation comes within the purview of the statutes referred to in case they do any intrastate business, so far as that character of business is concerned, even though also engaged in interstate commerce or business. *Western Union Tel. Co.* v. *State,* 82 Ark. 309, 101 S. W. 748, 12 Ann. Cas. 82. A foreign corporation cannot avoid or circumvent the statutes by engaging in interstate business along with local or intrastate business. In other words, the courts will not permit a foreign corporation to camouflage an intrastate business with interstate business so as to evade or avoid the penalty imposed by the statutes for doing an intrastate business without complying with the law.

Adverting to the issue of whether appellant was engaged partly in intrastate business, we think the manner in which it conducted its business at Bellefonte and at Harrison reflects that it was doing in large part a local or intrastate business. At Bellefonte it rented a house, put out a sign "Sunlight Produce Company," employed a manager who was assisted a part of the time by a field agent, both of whom drew a salary for purchasing milk and produce of various kinds for shipment to its headquarters or domicile in Neosho, Missouri. The milk and produce were paid for by checks signed, Sunlight Produce Company, by its field agent or manager drawn on its bank in Neosho. The products purchased by it were sometimes shipped in original packages immediately after purchase, but were generally stored in the building rented by it and shipped two or three times a week by truck or rail to its place of business at Neosho. When the branch house of appellant was established at Bellefonte, appellant entered into a contract with its manager, W. B. Hawkins, to buy poultry, eggs and cream for it. A part of the time the manager was paid a commission on his purchases for his services, but relative to the purchase of cream the basis of pay was changed to that of the number of tests he should make of the cream. The

more tests he made the more he received for his services. At Harrison the business of appellant was conducted by Lee Wallis as manager at an established place. The business consisted of buying poultry, eggs and cream which were stored in the place of business, and when a sufficient quantity was accumulated same was shipped by truck or rail to appellant's place of business in Neosho. The manager received a salary for his services, and when he bought the products he paid the owner in a check drawn by himself on appellant's Neosho bank to which he signed appellant's name by him as manager.

We do not think the business conducted by appellant in this State constituted interstate commerce. If such business were exclusively interstate, it must be upon the theory that the products were bought to be shipped out of the State and not for sale in the State. Every other ear-mark indicates that the business as conducted was intrastate. Appellant did the business in a rented house in this State with a sign thereon indicating what its business was. It was conducted part of the time by the manager who was paid a salary and other times was paid a commission dependent upon the quantity he bought and upon the tests he should make of the product. The products purchased were paid for in this State; the checks in payment thereof were drawn, signed and delivered in this State at the time the products were received from the vendors. The goods were stored in a rented house and shipped out at a later date than when purchased. We do not think that all of these ear-marks indicating that the business was local and intrastate can be converted into an exclusively interstate transaction by the mere fact that at a later date the goods purchased would be shipped to the purchaser at its headquarters in another State.

Appellant cites a number of cases, among them the case of *W. T. Raleigh Medical Co.* v. *Rose,* 133 Ark. 505, 202 S. W. 849, to the effect that the statute does not apply to foreign corporations engaged in interstate com-

merce and ruling that in the particular cases cited the facts reflected that the corporations were engaged strictly in interstate commerce. None of these cases have the ear-marks the instant case has tending to show that the business conducted was a local or intrastate business. We do not think the cases cited applicable to the instant case.

No error appearing, the judgment is affirmed.

Mr. Justice KIRBY dissents.