WIDMER v. J. I. CASE CREDIT CORP.

5-3456                                                     386 S. W. 2d 702

Opinion Delivered February 15, 1965.

*Carl Widmer, Pro Se,* for appellant.

*Garner & Parker,* for appellee.

PAUL WARD, Associate Justice. The decisive question on this appeal is whether the defendant (appellant here) filed his answer in due time.

Appellee, J. I. Case Credit Corporation, filed suit against appellant on a note executed by appellant to the Fort Smith Tractor Company, Inc. and later assigned to appellee. A summons was served on appellant on June 12, 1963. Appellant's answer was filed on July 3, 1963. On August 6, 1963 the trial court entered a default judgment against appellant in the sum of $5,645.84 together with interest on the ground that "said purported answer was not timely filed and was without the time allowed as required by law . . ."

In due time appellant filed a motion to set aside the default judgment. This motion was overruled by the

trial court, and appellant now prosecutes this appeal for reversal.

We have concluded that the trial court was in error in holding appellant's answer was not timely filed. Not counting June 12 as a day [according to Ark. Stats. Ann. § 27-130 (Repl. 1962)] only 21 days elapsed between the date of service (June 12) and the date the answer was filed (July 3). Applying the above factual situation to Ark. Stat. Ann. § 27-1135 (Repl. 1962) we must conclude appellant's answer was timely filed. The pertinent part of the above section reads as follows:

"A defendant to any complaint or cross-complaint must appear or plead either generally or specially the first day after expiration of the periods of time set forth below, as the case may be:

"First. Where the summons has been served twenty (20) days in any county in the state."
So far as our research shows the exact issue above raised has never been directly passed on by this Court, but we think the statutes mentioned bear no other construction than the one indicated. Although this same issue was not before the Court in *Fitzwater* v. *Harris,* 231 Ark. 173, 328 S. W. 2d 501, we used this language:

"... it was mandatory on the Circuit Court to render a default against the defendant since he had failed to file an answer within *twenty-one* days after service ..." (Emphasis supplied.)

In view of what we have said it follows that the trial court erred in refusing to set aside the default judgment, and the cause is remanded for a trial on the merits.