CARL WIDMER v. J. I. CASE
CREDIT CORPORATION

4266

Opinion delivered October 2, 1967
[Rehearing denied November 13, 1967.]

*Carl Widmer,* pro se.

*Charles R. Garner,* for appellee.

CONLEY BYRD, Justice. This action by appellee, J. I.
Case Credit Corporation, against appellant, Carl Wid-
mer, was previously before this court in *Widmer v. J. I.
Case Credit Corp.,* 239 Ark. 12, 386 S. W. 2d 702 (1965).
After remand a trial on the merits was had, resulting
in a judgment for appellee as assignee of a note exe-
cuted by appellant to Fort Smith Tractor Company, Inc.,
for farm equipment. This appeal is on a partial record

containing only the mandate of this court from the previous appeal; appellant's answer; numerous requests for admissions of fact; the answers given thereto; the interlocutory orders of the trial court; motions for summary judgment and notwithstanding the verdict; and the final judgment. For reversal, appellant contends that the note was usurious and that appellee is unable to enforce the contract because it is an unlicensed foreign corporation doing business in Arkansas contrary to Ark. Stat. Ann. § 64-1202 (Repl. 1966).

The note sued on is not usurious on its face. Appellant's contention of usury is based on two propositions: (1) that one of the pieces of farm equipment was not delivered to him because it was not received by the seller, or its successor, until after appellant was in default, and (2) that less of each payment should have been applied to interest and more to principal. We find both contentions to be without merit. On the first point, we have held that institution of a suit for more than a party is entitled to does not constitute usury. *Mid-State Homes, Inc.* v. *Knight*, 237 Ark. 802, 376 S. W. 2d 556 (1964). The record shows that the trial court's judgment gave appellant credit for the undelivered machinery. On the second point, appellant errs in the method by which he applies his installment payments to principal and interest, for the lender is entitled to apply the payment first to the interest due on the total indebtedness, and the balance, if any, to the principal. *Hare* v. *General Contract Purchase Corp.*, 220 Ark. 601, 605, 249 S. W. 2d 973 (1952).

With respect to the other issue, the requests for admissions of fact readily show that appellee is an unlicensed foreign corporation doing business in Arkansas contrary to the provisions of § 64-1202, *supra*. However, the negotiable paper here sued upon was not executed directly to appellee but was given to the Fort Smith Tractor Company, Inc., of Fort Smith, Arkansas. There are no facts in the record to show that the as-

signment from Fort Smith Tractor Company, Inc., to appellee was made in the state of Arkansas.

The penalty provision of Ark. Stat. Ann. § 64-1202 (Repl. 1966) provides:

". . . any foreign corporation which shall fail or refuse to file its articles of incorporation or certificate as aforesaid, cannot make any contract in the State which can be enforced by it either in law or in equity, . ."

Thus it is seen that the penalty provision applies only to contracts made in this state, and that, being penal in nature, it must be strictly construed in favor of those against whom the penalty is sought, *Alexander Film Co. v. State ex rel. Phillips County*, 201 Ark. 1052, 147 S. W. 2d 1011 (1941).

Therefore, since appellant failed to show that the assignment between Fort Smith Tractor Company, Inc., and appellee was entered into in the state of Arkansas, the trial court properly overruled his motion for summary judgment on this issue.

In this respect, we point out that upon this partial record, appellant complains only of the trial court's failure to grant his motion for summary judgment, and of course upon a motion for summary judgment the burden is upon the movant to show that no justiciable issues exist, Ark. Stat. Ann. § 29-211 (Repl. 1962). If the designation of the points to be relied upon on appeal had been sufficient to reach the trial court's finding on this issue, the burden of showing its right to maintain its action would have been upon appellee, *Miellmier v. Toledo Scale Co.*, 128 Ark. 211, 193 S. W. 497 (1917).

Affirmed.