Margie SAUNDERS, Administratrix of The Estate of John SAUNDERS, Deceased *v.* NATIONAL OIL LINE INSURANCE CO.

79-53

583 S.W. 2d 58

Opinion delivered July 2, 1979
(Division II)

*James M. Pratt, Jr.,* of *Brown, Compton & Prewett, Ltd.,* for

appellant.

*Otis H. Turner* of *McMillan, Turner & McCorkle,* for appellee.

FRANK HOLT, Justice. This appeal results from the court granting appellee's motion for summary judgment. The sole issue is whether appellant's decedent, John Saunders, was in "good health" at the time of the issuance and delivery of the credit life insurance policy.

Saunders made written application on December 17, 1974, to appellee for a $10,000 credit life insurance policy. A physical examination was required and on December 31, 1974, Dr. Charles Avery submitted his favorable examination report to appellee. On January 9, 1975, appellee issued its insurance policy on Saunders. The letter of transmittal, attached as part of the policy, bore the date of January 10, 1975. On January 9, at 6:15 a.m., Saunders was admitted to a local hospital because of an enlarged abdominal mass and abdominal pain which became apparent about one week prior to his admission. The provisional diagnosis was hepatomegia. Saunders remained in the local hospital until January 14, 1975, when he was transferred to a Texarkana hospital where he died on June 9, 1975, of generalized carcinomatosis as a consequence of carcinoma of the liver. Appellee denied appellant's claim for the proceeds of the policy. Appellant then brought this action.

The policy of insurance issued by appellee to John Saunders included the following provision:

> I understand and agree that there shall be no insurance in force until the policy hereby applied for is issued and delivered to me during my lifetime and good health and the first premium is paid by me, in which event the insurance shall be deemed effective as of the date of issue stated in the policy.

Appellee asserted, in its motion for summary judgment, that under the undisputed facts, Saunders could not have received the policy "during his lifetime and while in good health: that

this language and requirement was a condition precedent to the policy becoming effective and, therefore, the said policy never became a binding and enforceable contract of insurance." It attached, as exhibits to the motion, copies of the application for insurance containing the recited provision, the admission summary sheet from the local hospital reflecting Saunders' admission and provisional diagnosis, the personal history and physical examination sheet of Saunders taken from the hospital record, and Saunders' death certificate.

Appellant argues that when a condition precedent, as here, involved a requirement that the insured be in good health at the time of issuance and delivery of the policy, the determination of his health at that time should be a fact question for the jury. Therefore, summary judgment is precluded. Appellant acknowledges that a summary judgment is proper where it is clear that there is no genuine issue of fact to be litigated. *Purser* v. *Corpus Christi State National Bank*, 258 Ark. 54, 532 S.W. 2d 187 (1975). A summary judgment is proper when the moving party is entitled to a judgment as a matter of law, there is no issue as to any material fact and, even though the facts are undisputed, reasonable men could draw only one conclusion from them. *Arnold* v. *All American Assurance Co.*, 255 Ark. 275, 499 S.W. 2d 861 (1973).

The facts in the case at bar are undisputed. Appellee's prospective insured entered a hospital with a fatal illness prior to the delivery of the policy. At the time he entered the hospital, he had suffered for at least a week from abdominal pains and had noticed a swelling of his abdomen. Upon admission he was provisionally diagnosed as having a possible carcinoma of the liver with hepatomegaly. He died less than six months later of generalized carcinomatosis due to carcinoma of the liver. We cannot say that reasonable men could draw a conclusion from this set of facts other than Saunders was not in good health at the time of issuance and delivery of the policy. The motion for summary judgment was, therefore, properly granted.

Affirmed.

We agree: HARRIS, C.J., and HICKMAN and PURTLE, JJ.