James Edwin BROWN *v.* Brenda AQUILINO

CA 80-314                                  608 S.W. 2d 35
Court of Appeals of Arkansas
Opinion delivered December 3, 1980

274

*Honey & Rodgers*, by: *Danny P. Rodgers*, for appellant.

*Phillip H. Shirron*, for appellee.

STEELE HAYS, Judge. Appellant, James Edwin Brown, is appealing from the decision of the trial court granting appellee's motion for summary judgment. Appellee, Brenda Aquilino, had filed a complaint against Brown contending that he had defaulted on his payments on a promissory note. Brown asserted numerous defenses to the action; i.e., lack of consideration, fraud in the execution, exclusiveness of remedy, breach of contract, frustration of purpose of the contract and impossibility of performance.

A hearing was held on the motion for summary judgment and the parties were given leave to file additional affidavits and briefs in support of their contentions. Upon review of all the evidence, the court granted Aquilino's motion for summary judgment.

On appeal, Brown alleges that the trial court erred in granting summary judgment. At the outset, we recognize that summary judgment is an extreme remedy which should only be allowed when it is clear that there is no issue of fact to be litigated. *Saunders* v. *National Old Line Insurance Company*, 266 Ark. 247, 583 S.W. 2d 58 (1979); *Robinson* v. *Rebsamen Ford. Inc.*, 258 Ark. 935, 530 S.W. 2d 660 (1975).

The burden is upon the moving party to demonstrate that there is no genuine issue of material fact for trial, and evidence submitted in support of the motion must be viewed most favorably to the party resisting the motion. *Dodrill* v. *Arkansas Democrat Company*, 265 Ark. 628, 590 S.W. 2d 540 (1979).

Brown contends on appeal that a contract for the sale of common stock provided the consideration for the promissory note. Furthermore, he alleges that an oral employment agreement had been reached by the parties whereby Aquilino was to work for him and that this agreement provided part of the consideration for the contract for the sale of common stock. We conclude that such an agreement is excluded from evidence by the parol evidence rule and accordingly affirm the judgment of the trial court.

Where a contract is plain, unambiguous and complete in its terms, parol evidence is not admissible to contradict or add to the written contract. *Carolina Casualty Insurance Company* v. *Helms*, 248 F. Supp. 268 (8th Cir. 1957). The "parol evidence" rule is a rule of substantive law in which all antecedent proposals and negotiations are merged into the written contract and cannot be added to or varied by parol evidence. *City of Crossett* v. *Riles*, 261 Ark. 522, 549 S.W. 2d 800 (1977). Applying the rule to the facts in this case, we find that the promissory note is complete on its face with no ambiguous terms. We agree that the contract for sale of common stock and the promissory note are part of the same transaction and, hence, to be construed together, and that the contract for sale was a part of the consideration for the promissory note. However, it would strain to the breaking point the purpose of the parol evidence rule to allow an alleged oral contract of employment to be considered as evidence upon the assertion that such agreement formed part of the consideration for the agreement under the circumstances of this case. The rule as we find it in Arkansas is that where the consideration clause is itself a part of the written contract, oral evidence is not admissible to vary or contradict the written part. *Sims* v. *Best*, 140 Ark. 384, 215 S.W. 519 (1919). Another case in accordance with this rule is *Harris* v. *Trueblood*, 124 Ark. 308, 186 S.W. 836 (1916), where it was held in an action for fraud in the sale of a business, that parole evidence was inadmissible to show that a promise had been made by the seller to refrain from competing in the same business in the city for one year. The court held that parol evidence of the promise not to compete was not admissible "for the reason that there was a written contract reciting all of the considerations, which were

of a contractual nature, and the introduction of the parol proof would vary the terms of the contract itself."

In *Central Life Insurance Company of Illinois* v. *Thompson*, 182 Ark. 705, S.W. 2d 388 (1930), the court stated:

> The written contract recites the many reciprocal agreements and obligations of the respective parties, and the statement therein, as to the consideration, is more than a mere statement of fact and acknowledgment of payment of a money consideration, and is of a contractual nature, and the part of the contract relative thereto can no more be changed or modified by parol or extrinsic evidence than any other part.

However, appellant argues that proof of a collateral agreement not inconsistent with the written contract is not excluded by the parol evidence rule. In *Lane* v. *Pfeifer*, 264 Ark. 162, 568 S.W. 2d 212 (1978), the court stated the rule succinctly:

> . . . When testimony is offered to prove an independent collateral fact *about which the contract is silent*, the parol evidence rule is not applicable. [Emphasis added.]

Here, the written contract is not silent as to the consideration of the agreement. As the contract for sale recites, the seller sold, transferred and delivered to the buyer 200 shares of common stock for a price of $40,000. Hence, we recognize the general rule that parol evidence cannot be introduced to change or alter a contract in writing. *Lane* v. *Pfeifer, supra; Equitable Discount Corporation* v. *Trotter*, 233 Ark. 270, 344 S.W. 2d 334 (1961). We find that the rule is applicable to the facts of this case and, accordingly, agree with the trial court that no genuine issue of material fact is shown to be present. That being so, the trial court's granting of appellee's motion for summary judgment was proper. This conclusion is buttressed by the fact that the parties took the pains to prepare two carefully drafted instruments, the note and the contract, replete with details of the terms and conditions of the agreement, without the slightest reference to appellant's alleged oral and contemporaneous contract of

employment. When we consider, as well, the fact that these documents were prepared by Brown's attorney, it becomes too much to ask of the law to hold that a thorough, written agreement entered into under the circumstances here prevailing, must accomodate an oral agreement of dubious existence.

Appellant has cited *Weaver & Weaver* v. *Fletcher & Hotze*, 27 Ark. 510 (1872) and argues that the alleged contemporaneous oral agreement comes within the rule announced in that decision. But the two cases are easily distinguishable in that the language in rule announced in the *Weaver* decision permits parol evidence *where it is not inconsistent with the terms of the note.* The oral agreement appellant relies on is wholly inconsistent with the provisions of the note. The note reflects the monthly payments to be installments against the principal indebtedness. Whereas the alleged oral agreement, according to appellant's theory, provides that such payments are in reality earnings under the appellee's contract of employment. It is impossible to reconcile the note and the asserted oral agreement and say that the two are consistent.

Finally, appellant insists that in the event of default in the monthly payments, the contract of sale, paragraph (5), provides that shares of stock equal in value to the balance due on the note shall be returned to Seller and the balance of the shares for which payment has been made shall be delivered to Buyer. This provision, according to appellant, is an *exclusive* remedy in the event of default. But we find nothing in the contract, either in paragraph (5), or elsewhere, suggesting that this is an exclusive remedy in the event of default and we are not willing to infer that appellee's recourse in the event of a default was intended to be so restricted. Everything in the two instruments suggests a contrary intention. The promissory note provides, on default, that "the entire principal sum shall at once become due and payable, without notice at the option of the holder of this note." As appellee correctly points out, when one party has two or more concurrent and consistent remedies, he may pursue one or all until satisfaction is had. *Gibson* v. *Gibson*, 266 Ark. 622, 589 S.W. 2d 1 (1979); *Davis* v. *Lawhon*, 186 Ark. 51, 52 S.W. 2d 887 (1932). Accordingly, we find that the language of the contract

does not contravene the right of the appellee to sue on the note in case of default.

Affirmed.