Larry D. CHICK and Patricia CHICK, Husband and Wife, d/b/a LARRY D. AND PATRICIA CHICK TRUCKING, Jointly and Severally *v.* REBSAMEN INSURANCE — Springdale, a Division of Rebsamen Companies, Inc.

CA 82-358                                   649 S.W.2d 196

Court of Appeals of Arkansas
Opinion delivered April 20, 1983
[Rehearing denied June 1, 1983.]

*Marian J. Wagner* of *Boyd & Wagner,* for appellants.

*James A. Penix, Jr.* of *James A. Penix, Jr., P.A.,* for appellee.

LAWSON CLONINGER, Judge. This is an appeal from an order granting summary judgment in favor of appellee, Rebsamen Insurance — Springdale, A Division of Rebsamen Companies, Inc., on an alleged open account indebtedness. Appellee filed suit, alleging that appellants, Larry D. Chick and Patricia Chick, were indebted to appellee in the sum of $14,822.70 for premiums due on policies of insurance issued to appellants by appellee.

Appellee filed its motion for summary judgment, supported by accompanying affidavits, and appellants filed their response, with supporting affidavits, alleging that there was a genuine question of fact.

Summary judgment is granted in accordance with Arkansas Rules of Civil Procedure, Rule 56 (c), which provides in pertinent part:

> ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . .

Rule 56 (e) provides that an affidavit in response to a motion for summary judgment shall be made on personal knowledge and set forth specific facts showing that there is a genuine issue for trial.

Summary judgment is an extreme remedy which should only be allowed when it is clear that there is no issue of fact to be litigated. *Saunders* v. *National Old Line Insurance Company,* 266 Ark. 247, 583 S.W.2d 58 (1979). The burden is upon the moving party to demonstrate that there is no genuine issue of material fact for trial, and evidence submitted in support of the motion must be viewed most favorably to the party resisting the motion. *Brown* v. *Acquilino,* 271 Ark. 273, 608 S.W.2d 35 (Ark. App. 1980). However, when the movant makes a *prima facie* showing of entitlement to a summary judgment, the respondent must meet proof with proof by showing a genuine issue as to a material fact. *Hughes Western World, Inc.* v. *Westmoor Manufacturing Company,* 269 Ark. 300, 601 S.W.2d 826 (1980).

We hold that the trial court was in error in granting summary judgment when there were material issues of fact to be considered. A *prima facie* case for summary judgment was made by appellee through its pleadings and affidavits. The responding affidavits of appellants are marginally specific, but when we view them in a light most favorable to appellants, as we must, we hold that appellants have met their burden of going forward with evidence to establish that there was a genuine issue of fact to be tried.

Appellants, by affidavit, stated that the policies issued by appellee did not cover the insurance needs requested by appellants, and that they had been assured by appellee that the policies fully covered appellants' trucking needs. The statement of appellants was denied by apellee by way of counter affidavit, clearly setting up a material question of fact. It was not necessary for appellants to establish their case

by a preponderance of the evidence or by any other standard of proof; they were required only to establish that there was a genuine issue for trial. They did that.

Other points for reversal were raised by appellants, but in view of our decision that the trial court was in error in granting summary judgment, it is unnecessary to consider the other points.

Reversed and remanded.