John JOHNSON d/b/a JOHNSON'S JEWELERS
*v.* STUCKEY & SPEER, INC.

CA 83-160                                665 S.W.2d 904

Court of Appeals of Arkansas
Division I
Opinion delivered March 14, 1984

34

*Brazil & Clawson,* for appellant.

*Blevins, Pierce & Stanley,* for appellee.

GEORGE K. CRACRAFT, Judge. John Johnson, doing business as Johnson's Jewelers, appeals from an order granting summary judgment in favor of Stuckey & Speer, Inc. on an open account. The appellant maintains that the trial court erred in granting summary judgment as there were genuine issues of fact to be determined. We agree.

The appellee instituted this action to recover an indebtedness in the amount of $27,635.96 alleged to be due and payable. Attached to the complaint was an unitemized statement showing only that on March 27, 1981 the amount due was the total of a "Balance Forward" of $27,249.59 and a "Service Charge" of $386.37. The statement did not show the date or dates that the balance forwarded had been incurred or the period for which the service charge was made.

The appellant answered and raised the affirmative

defense that appellee was a foreign corporation not authorized to do business in this state and was therefore barred from bringing an action under the provisions of the so called "Wingo Act," Ark. Stat. Ann. § 64-1201 et seq (Repl. 1980), and that the contract forming the basis for appellee's complaint was usurious.

Thereafter the appellee filed a motion for summary judgment attaching to it the admissions of appellant that he had received all of the merchandise, that the principal balance was accurately computed, that all goods were accepted as conforming to the contracts, and that demand had been made for which payment had not been forthcoming. He denied only that the computations of interest were not usurious. Appellee further asserted that it was not barred under the "Wingo Act" because the indebtedness had been incurred in interstate commerce. Appellee submitted no supporting documents tending to establish where the contract had been executed, that the transaction was consummated wholly in interstate commerce, or that it was not otherwise "doing business" in this state.

The appellant answered that the transactions had not been interstate in nature but had been consummated by appellee's salesman who regularly called on businesses within this state to solicit orders. He again asserted his defense of usury but submitted to the court no affidavits or other data supportive of these positions.

Summary judgment is granted in accordance with ARCP Rule 56 which provides in part that such a judgment may be rendered where the pleadings, depositions, answers to interrogatories and admissions are on file together with supporting affidavits, if any, to show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Summary judgment is an extreme remedy which should only be allowed when it is clear that there is no issue of fact to be litigated. *Saunders* v. *Nat'l Old Line Ins. Co.*, 266 Ark. 247, 583 S.W.2d 58 (1979). The burden is on the moving party to demonstrate that there is no genuine issue of fact for trial and evidence submitted in support of the motion must be

viewed most favorably to the party resisting the motion. Where the movant makes a prima facie showing of entitlement to summary judgment the respondent must meet proof with proof upon a showing of a genuine issue as to a material fact. *Hughes Western World, Inc.* v. *Westmoor Mfg. Co.*, 269 Ark. 300, 601 S.W.2d 826 (1980); *Chick* v. *Rebsamen Ins.-Springdale*, 8 Ark. App. 157, 649 S.W.2d 196 (1983).

While the granting of the summary judgment by the trial court might have been sustained had there been no issue raised other than the defense of usury, the answer of the appellant brought into question the status of appellee under our "Wingo Act" which provides that all foreign corporations wishing to do business in this state must file specified documents with the Secretary of State. It further provides that those corporations who have not complied with the Act cannot enforce any contract made by it in our courts.

In *Miellmier* v. *Toledo Scale Co.*, 128 Ark. 211, 193 S.W. 497 (1917) it was held that a foreign corporation doing business within this state will be presumed to have complied with our statutes. In an action brought by a foreign corporation where its failure to comply with the statutes does not appear on the face of the complaint a defendant must plead that failure or it will not be available to him as a defense. Where that defense is raised the burden of showing its right to maintain the action is placed upon the corporation. *Widmer* v. *J.I. Case*, 243 Ark. 149, 419 S.W.2d 617 (1967). Here there was no proof in the record to show that this appellee had complied with the "Wingo Act" with regard to filing a certificate with the Secretary of State. Upon its failure to prove that it had complied with the Act, the appellee then had the burden to prove that the Act did not apply to the transaction in issue.

The Wingo Act applies only to those corporations "doing business" within this state and to contracts made within this state. It has no application to those contracts made and entered into outside this state and consummated in the channel of interstate commerce by a corporation

which is not otherwise doing business within the state. *The W.T. Raleigh Medical Co.* v. *Rose,* 133 Ark. 505, 202 S.W. 849 (1918); *Sunlight Produce Co.* v. *State,* 183 Ark. 64, 35 S.W.2d 342 (1931); *White River Valley Broadcasters, Inc.* v. *William B. Tanner Co.,* 487 F. Supp. 725 (E.D. Ark. 1979).

Our courts have had occasion to discuss those factors to be considered in determining the place of making contracts, whether a contract is interstate or intrastate in nature and whether a non-resident corporation is "doing business" in this state within the meaning of the "Wingo Act." *Uncle Ben's Inc.* v. *Crowell,* 482 F. Supp. 1149 (E.D. Ark. 1980); *National Distributors* v. *Simard,* 246 Ark. 774, 440 S.W.2d 31 (1969); *The W.T. Raleigh Medical Co.* v. *Rose, supra.*

We find nothing in the pleadings or supporting documents filed by appellee which would tend to establish where the contract was made; how the goods were delivered or that appellee was not "doing business" within this state. As appellee's right to maintain the action had been challenged, it had the burden of proving that the Wingo Act had no application to the transaction in issue. *Miellmier* v. *Toledo Scale Co., supra; Widmer* v. *J.I. Case, supra.* It failed to do so, and the application of the "Wingo Act" to the transaction remained an unresolved issue of fact.

Reversed and remanded.

CLONINGER and MAYFIELD, JJ., agree.