Hugh C. KARNES and Dorothy J. Karnes *v.* Arthur
Howell TRUMBO and Trumbo Equipment, Inc.

CA 88-184 770 S.W.2d 199

Court of Appeals of Arkansas
En Banc
Opinion delivered May 17, 1989

*The Niblock Law Firm,* by: *Nancy L. Hamm,* for appellant.

*Everett & Gladwin,* by: *John C. Everett,* for appellee.

JOHN E. JENNINGS, Judge. This multi-party litigation began as a suit on a debt. After the underlying litigation was settled, all that remained of the case was the pending cross claim by the co-debtors, Hugh Karnes and Dorothy Karnes, the appellants here, against appellee Trumbo Equipment, Inc., and the Karnes' third-party complaint against appellee A.H. Trumbo. In both claims the Karnes sought reimbursement for the attorney's fees they incurred in defending the suit on the debt and in pursuing their claims for indemnity. The chancellor entered an order denying the Karnes' motion for summary judgment and dismissing their claims, and the Karnes have appealed. We affirm.

The plaintiff in the underlying litigation, Big Dutchman, filed its complaint on September 2, 1987. Big Dutchman is a general partnership composed of Hershey Agritech Inc., a Pennsylvania corporation, and Meerpohl Limited Partnership, a Pennsylvania limited partnership. The suit alleged that Trumbo Equipment (formerly AMKO Equipment Inc.) had purchased poultry equipment on open account from Big Dutchman and had given Big Dutchman a lien on inventory and accounts receivable.

The Karnes were originally the sole shareholders in AMKO Equipment, Inc. On November 10, 1986, they sold their stock to A.H. Trumbo through a stock purchase agreement to which AMKO and J&H Investments were also parties. The name of the corporation was changed to Trumbo Equipment, Inc., in April 1987.

The complaint further alleged that in 1984, AMKO signed a promissory note for $300,000.00 payable to First State Bank of Springdale. The note was extended several times but the last due date was December 15, 1986. As collateral for the $300,000.00 note, First State Bank took a first lien on AMKO's inventory and accounts receivable together with a second mortgage on fifty acres of land owned by the Karnes. Big Dutchman alleged that its lien was subject to the first lien of the bank. There was a provision for attorney's fees upon default in both the contract between Big Dutchman and Trumbo Equipment and the promissory note from AMKO to the bank. The note to the bank was personally guaranteed by the Karnes.

The complaint further alleged that the bank had assigned its interest in the $300,000.00 promissory note to the plaintiff, Big

Dutchman. It alleged that Trumbo Equipment had breached its agreement with Big Dutchman and was liable on the promissory note. The complaint sought judgment for $465,000.00, together with interest and attorney's fees.

In response to the complaint, the Karnes filed an answer and a cross claim against Trumbo Equipment. In the cross claim they asked to be held harmless from any liability relying on the following two provisions of the stock purchase agreement:

> Sect. 1.2 — At the Closing, the Surety will assume all contracts and accounts payable of the Surety, and a promissory note payable owed by the Surety to First State Bank of Springdale, Arkansas, in the approximate amount of ONE HUNDRED EIGHTY-ONE THOUSAND DOLLARS ($181,000.00).
>
> . . .
>
> Sect. 7 — Indemnification: Sellers agree to defend, indemnify, and hold harmless the Buyer from any debt, claim, damage, liability or expense of the Surety that was undisclosed to the Buyer prior to the Closing Date. The Surety agrees to defend, indemnify, and hold harmless the Sellers from any other debt, damage, liability or expense that may arise after the Date of Closing.

The Karnes also filed a third-party complaint against A.H. Trumbo, again seeking to be held harmless from liability. The stock purchase agreement, to which A.H. Trumbo had been a party, contained this provision:

> Sect. 9 — Howell Trumbo agrees to personally guarantee Hugh and Dorothy Karnes in regard to the existing bank note at First State Bank as long as First State Bank requires the personal guarantee of Hugh and Dorothy on said note. A copy of the form of such guarantee is attached hereto as Exhibit "B" and made a part hereof.

The subsequently executed guaranty dated November 11, 1986, provided that A.H. Trumbo "unconditionally guarantees to Karnes, the prompt payment of each monthly payment" on the First State Bank note, "for so long as Karnes is personally obligated on said note, including without limitation, all principal,

late charges and other charges, together with any and all expenses incident to collection of such sums including, without limitation, attorney's fees and court costs." The guaranty also provided that "Karnes must exhaust its remedy against AMKO Equipment, Inc., before invoking the benefits of the Guaranty."

In his answer to the third-party complaint, A.H. Trumbo alleged that the guaranty had been obtained by fraud.

On September 28, 1987, the chancellor entered an "Order of Delivery," in which Big Dutchman was granted judgment for $153,000.00 on the promissory note and $313,000.00 on open accounts, together with interest and a 10% attorney's fee. It appears that the collateral was subsequently sold and that the debt to the plaintiff, Big Dutchman, was satisfied in full and its attorney's fees were paid.

With the underlying litigation resolved, the sole remaining issue was the Karnes' entitlement to reimbursement for their own attorney's fees from Trumbo Equipment or A.H. Trumbo, or both.

The chancellor set the matter for trial for April 14, 1988. On April 13, 1988, the Karnes filed a motion for summary judgment claiming that as a matter of law they were entitled to reimbursement for their own attorney's fees. Copies of the stock purchase agreement and the guaranty were attached. Also attached were the affidavits of Hugh and Dorothy Karnes, both to the effect that their "understanding of the Guaranty Agreement and" their "intent in entering into" it was that if they were forced to defend on the note to First State Bank, Mr. Trumbo would pay their attorney's fees. Also filed on the 13th of April was a document entitled "Stipulated Facts," signed by attorneys for all parties involved. In that document the parties stipulated that the stock purchase agreement and guaranty were the genuine documents signed by the parties; that the Karnes "did not draft and were not responsible for drafting" either document; that neither A.H. Trumbo nor Trumbo Equipment had paid the attorney's fees incurred by the Karnes in defending the lawsuit brought by Big Dutchman; and that Trumbo Equipment had paid $21,000.00 for plaintiff's attorney's fees and $4,000.00 as the receiver's fees. No response was filed to the motion for summary judgment.

On April 14, 1988, the chancellor entered the following order:

> Now on this 14th day of April, 1988, this matter comes on for hearing, the only issue being the question of attorney's fees for Hugh C. Karnes and Dorothy J. Karnes from Trumbo Equipment, Inc., and/or Arthur Howell Trumbo.
>
> The parties filed herein a document entitled "Stipulated Facts" on April 13, 1988, and Hugh C. Karnes and Dorothy J. Karnes filed a Motion for Summary Judgment in this matter on April 13, 1988.
>
> The Court finds that no attorney's fees should be awarded from Trumbo Equipment, Inc., or Arthur Howell Trumbo to Hugh C. Karnes and Dorothy J. Karnes, that the Motion for Summary Judgment should be denied, and that all claims of Hugh C. Karnes and Dorothy J. Karnes against Trumbo Equipment, Inc., and Arthur Howell Trumbo should be dismissed.
>
> IT IS SO ORDERED.

After the court made its ruling, counsel for the Karnes made a record. Essentially, counsel argued that the court's ruling was wrong as a matter of law. It is clear that no evidence was presented on the date set for trial, no request for a continuance made, and there is no contention on appeal that the trial court prevented the appellants from presenting evidence on the day of trial.

The arguments made on appeal are purely legal ones: first, that the trial court was obliged to grant summary judgment because no response to the motion was filed, and second, that the Karnes were entitled to summary judgment for their attorney's fees as a matter of law. Neither argument has merit.

Ordinarily an order denying a motion for summary judgment is not an appealable order. *Jaggers v. Zolliecoffer*, 290 Ark. 250, 718 S.W.2d 441 (1986). In the case at bar, however, the order is appealable because it was combined with a dismissal on the merits that effectively terminated the proceedings below. *See* Ark. R. App. P. 2(a)(2); *Robinson v. Beaumont*, 291 Ark. 477, 725 S.W.2d 839 (1987).

■ It is true, as appellant contends, that if a prima facie entitlement to summary judgment is made by a timely motion, the respondent risks the entry of summary judgment if he fails to respond. *See* Ark. R. Civ. P. 56(e). It has been said many times that in such a case, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact. The difficulty with applying that rule in the present situation is two-fold: (1) the motion for summary judgment was untimely and, (2) it did not, in our view, establish a prima facie showing of entitlement to summary judgment.

■■ Ark. R. Civ. P. 56(c) provides that a motion for summary judgment "shall be served at least ten days before the time fixed for the hearing." Here, the motion was filed one day before the date set for trial. In *Purser* v. *Corpus Christi State National Bank*, 258 Ark. 54, 522 S.W.2d 187 (1975), the supreme court said that the notice requirements for summary judgment are not mere formalities and that there are sound reasons for permitting the opposing party ten days in which to respond. Undoubtedly, the trial court could have denied the motion for summary judgment in this case solely on the basis of its untimeliness. In any event, the appellee's failure to respond to the motion did not obligate the trial judge to enter summary judgment for appellants.

We can find no cases in this state which have enunciated the standard for review when an order denying a motion for summary judgment is appealed. In *McLain* v. *Meier*, 612 F.2d 349 (8th Cir. 1979), Judge Henley, speaking for the court, said:

> Returning to a motion for summary judgment as opposed to a motion attacking the sufficiency of a pleading as such, a district court in passing on a Rule 56 motion performs what amounts to what may be called a negative discretionary function. The court has no discretion to *grant* a motion for summary judgment, but even if the court is convinced that the moving party is entitled to such a judgment the exercise of sound judicial discretion may dictate that the motion should be *denied*, and the case fully developed. (Emphasis in original.)

612 F.2d at 356.

We agree with the conclusion of the court in *McLain. See also National Screen Service Corp.* v. *The Poster Exchange, Inc.*, 305 F.2d 647 (5th Cir. 1962); 6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice*, ¶ 56.24 (2d ed. 1987); H. Lemley, *Summary Judgment Procedure under Rule 56 of the Federal Rules of Civil Procedure — Its Use and Abuse*, 11 Ark. L. Rev. 138 (1957).

The test is, therefore, whether the trial court abuses its discretion in denying the motion for summary judgment. We have said many times that summary judgment is an extreme remedy which should be allowed when it is clear that there is no issue of fact to be litigated. *Johnson* v. *Stuckey & Speer, Inc.*, 11 Ark. App. 33, 665 S.W.2d 904 (1984). The burden is on the moving party to demonstrate that there is no genuine issue of fact for trial, and evidence submitted in support of the motion must be viewed most favorably to the party resisting the motion. *Chick* v. *Rebsamen Insurance-Springdale*, 8 Ark. App. 157, 649 S.W.2d 196 (1983). Even if the facts are not in dispute, if reasonable minds might differ as to conclusions to be drawn from those facts, summary judgment may not be entered. *The Fausett Co.* v. *Rand*, 2 Ark. App. 216, 619 S.W.2d 683 (1981).

The Karnes' cross claim against Trumbo Equipment was based on the language of the stock purchase agreement. When the language of that agreement is read in context, it is certainly not clear that the indemnification provision would obligate AMKO (now Trumbo Equipment) to reimburse the Karnes for attorney's fees in defending the suit by Big Dutchman and in prosecuting their own cross claim and third-party complaint.

There are at least two serious difficulties with the contention that the guaranty executed by A.H. Trumbo entitles Karnes to reimbursement of attorney's fees incurred in defending the claims of the creditor, Big Dutchman. The first is that a common sense reading of the language of the guaranty leads to the conclusion that the agreement to pay "attorneys fees" "incident to collection" of the note means that A.H. Trumbo would be obligated to pay the *creditors'* attorney's fees, not those of Karnes. This seem to be the correct interpretation notwithstanding the "understanding" by the Karnes as to what this language means, or the stipulation that the Karnes did not draft

the guaranty. In any event, the chancellor could not have granted summary judgment on the guaranty because there was a pending allegation that it was obtained by fraud.

 Appellants contend that because it was stipulated that they did not draft the guaranty agreement, the trial court was obliged to infer that it was drafted by A.H. Trumbo, and to construe any ambiguity against him. Even if the inference is available, there is a conflicting rule of construction, i.e., that guarantees are strictly construed in the guarantor's favor. *See McCaleb* v. *National Bank of Commerce of Pine Bluff*, 25 Ark. App. 53, 752 S.W.2d 54 (1988). Furthermore, if the guaranty is deemed ambiguous, then a question of fact would be presented for the trial court to decide, and the matter would not be appropriately resolved by summary judgment. *See Gibson* v. *Heiman*, 261 Ark. 235, 547 S.W.2d 111 (1977).

 It is clear that the appellants chose to rest on their motion for summary judgment. They presented no evidence on the date set for trial and did not seek a continuance. Instead, they have appealed only the court's denial of their motion for summary judgment. This they are entitled to do but we cannot say, under the circumstances presented here, that the court abused its discretion in denying the motion for summary judgment or erred in dismissing the claim on the merits. We do not reach the issue of the applicability of the principal that attorney's fees may not be allowed, absent authorization by statute, *See Halford* v. *Southern Capital Corp.*, 279 Ark. 261, 650 S.W.2d 580 (1983).

Affirmed.

CORBIN, C.J., MAYFIELD, and ROGERS, JJ., dissent.

DONALD L. CORBIN, Chief Judge, dissenting. To avoid repetition, I agree with the substance of Judge Mayfield's dissenting opinion, but would dispose of the case in a different manner. Briefly, I believe that the trial court was correct in denying appellants' motion for summary judgment and agree with the majority in that respect, but I do not agree that the appellants chose to rest on their motion for summary judgment. A stipulation of facts, to which a copy of the contracts in question were attached, was filed for consideration by the court. The trial court found that no attorney's fees should be awarded and that

appellants' claim should be dismissed. I believe the court's ruling was clearly erroneous and would reverse, despite counsel's failure to couch his argument in those terms. When we review chancery cases, we do not remand a case where we can plainly see the equities of the parties. *See Ferguson* v. *Green*, 266 Ark. 556, 587 S.W.2d 18 (1979).

The equities require that appellants prevail on their claim despite counsel's failure to request the proper relief on appeal. The contracts in question were drafted by appellees and had they intended to exclude appellants' attorney's fees they could have done so. Furthermore, the purpose of the guaranty agreement, to insure that appellants would not be disadvantaged by appellees' assumption of the obligation, is defeated by the chancellor's disposition, and the attorney's fee provision is rendered a nullity. I would find in favor of appellants and render the decree on appeal that should have been rendered below.

MELVIN MAYFIELD, Judge, dissenting. I dissent from the majority decision affirming the trial court's dismissal of the appellants' claim seeking to recover attorney's fees under the terms of a guaranty agreement. The trouble with the trial court's dismissal is that it was done in violation of the rules of procedure as interpreted by the appellate courts of Arkansas, and without any findings of fact, conclusions of law, or stated reason for the court's action.

The majority opinion sets out the trial court's order which simply states that this matter came on for a hearing with the only issue involved being the question of appellants' right to attorney's fees. The order then states that the parties had filed a document entitled "Stipulated Facts," that appellants had filed a "Motion for Summary Judgment," and concludes with the announcement the the court finds the motion for summary judgment should be denied and appellants' claim for attorney's fees should be dismissed.

I agree with the majority opinion that the trial court was correct in holding that the motion for summary judgment should have been denied, but I do not agree that the trial court was correct in summarily dismissing the appellants' claim. Ark. R. Civ. P. 56(d) sets out the procedure to be followed if a motion for summary judgment is not granted. Briefly stated the procedure is

for the trial court to determine "what material facts exist without substantial controversy" and make an order specifying those facts and "upon the trial of the action, the facts so specified shall be deemed established, and the trial shall be conducted accordingly." *See Fausett Company* v. *Rand*, 2 Ark. App. 216, 619 S.W.2d 683 (1981). Here, however, the court denied the appellants' motion for summary judgment and then just dismissed the claim they had filed seeking to recover attorney's fees under a guaranty agreement. The dismissal was made without any findings of fact or conclusions of law as contemplated by Ark. R. Civ. P. 52(a) and despite the fact that this court has held that Ark. R. Civ. P. 56 does not authorize the trial court "to summarily dismiss a complaint where there are matters before the court that show there is an issue of fact to be decided." *Maas* v. *Merrell Associates, Inc.*, 13 Ark. App. 240, 244, 682 S.W.2d 769 (1985).

In *Griffin* v. *Monsanto Company*, 240 Ark. 420, 400 S.W.2d 492 (1966), the Arkansas Supreme Court reversed a trial court dismissal of a complaint and stated:

> If a complaint states a cause of action our code of procedure does not permit the defendant to single out a fact essential to the plaintiff's case, file affidavits denying that fact, and on the strength of those affidavits seek an order dismissing the action without a trial on the merits.

240 Ark. at 421-22. The supreme court then treated the pleading that asked that the complaint be dismissed as a motion for summary judgment, found the motion should have been denied, and reversed the trial court's dismissal of the complaint. In *Findley Machinery Co.* v. *Miller*, 3 Ark. App. 264, 625 S.W.2d 542 (1981), the Arkansas Court of Appeals relied upon *Griffin* to reverse a trial court's dismissal of a complaint on an oral motion, made in chambers just prior to the start of a trial, claiming that a written contract attached to the complaint was an agreement for sale and purchase and not a lease. And in the recent case of *Battle* v. *Harris*, 298 Ark. 241, 766 S.W.2d 431 (1989), the Arkansas Supreme Court said:

> We first note that Rule 12(b)(6) provides for the dismissal of a complaint for failure to state facts upon which relief can be granted. . . . Here, the trial court made no mention of treating the appellee's Rule 12(b)(6)

motion as one for summary judgment. Therefore, in considering a motion for judgment on the pleadings for failure to state facts upon which relief can be granted under ARCP 12(b)(6), the facts alleged in the complaint are treated as true and viewed in the light most favorable to the party seeking relief. *McAllister* v. *Forrest City St. Imp. Dist.*, 274 Ark. 372, 626 S.W.2d 194 (1981).

298 Ark. at 243-44.

In view of the established procedure as shown by the cases cited above, it seems clear to me that the trial court erred in the present case when it denied the appellants' motion for summary judgment and then simply dismissed their cause of action without trial, further hearing, findings of fact, conclusions of law, or stated reason of any kind. Nor do I agree that it is enough to say, as does the majority opinion, that "the appellants chose to rest on their motion for summary judgment." Nowhere does the record state that they rested on that motion. The trial court's judgment does not so state and neither party makes that contention in the briefs filed in this court. In addition, the trial court's judgment does not state that the case was submitted upon what the judgment called a document entitled "Stipulated Facts." To assume this case was submitted on that stipulation is to engage in sheer speculation. In fact, it would seem more logical to assume that the stipulation was filed for the court's consideration when passing upon the motion for summary judgment filed the same day the stipulation was filed.

However, on appeal, the appellants argue only that they were entitled to summary judgment. While I agree with the majority decision that appellants' motion should not have been granted, that does not mean the trial court should have simply dismissed appellants' cause of action. But since appellants ask no other relief, I would remand this matter to the trial court. If, in fact, the appellants chose to rest on their motion for summary judgment, or the parties agreed to submit the case upon the "Stipulated Facts," the trial court can make such a finding and dispose of the case accordingly. Otherwise, the case would simply be in the trial court for further proceedings.

ROGERS, J., joins in this dissent.