ENSCO, INC., Appellee,

v.

Mike DUMAS, as County Judge of Union County, Arkansas; Robert H. Archer, Margaret Compton, Gloria Ann Calhoun, Ken Goudy, Robert R. Cook, F.D. Shivers, Corbit White, Don R. Crawford, as Members of the Union County Quorum Court, Appellants,

Dr. Phyllis Garnett, as Director of the Arkansas Department of Pollution Control and Ecology, Jess Womack, Rubin Darden and John D. Wilson, Members of the Union County Quorum Court, Appellees.

No. 86–1410.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1986.

Decided Dec. 22, 1986.

Michael A. Stick, Chicago, Ill., for appellants.

Vincent Foster, Jr. and Carol S. Arnold, Little Rock, Ark., for appellee.

Before JOHN R. GIBSON, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

FAGG, Circuit Judge.

The issue on this appeal is whether Union County, Arkansas, may, consistent with existing federal legislation, enforce its Ordinance No. 171 prohibiting the storage, treatment, or disposal of "acute hazardous waste" within its boundaries. ENSCO, Inc., which wishes to incinerate this type of waste at its Union County facility, brought suit challenging the Ordinance on a variety of grounds, and the district court permanently enjoined enforcement. The court found the Ordinance invalid as preempted by the Resource Conservation and Recovery Act of 1976 (RCRA), *see* 42 U.S.C. §§ 6901–6991i (as amended 1978, 1984), and by the Arkansas Hazardous Waste Management Act of 1979, *see* Ark.Stat. Ann. §§ 82–4201 to –4216 (Supp.1985). We affirm, reaching only the federal preemption question.

The RCRA embodies—and through a 1984 amendment expressly declares—a national policy of requiring that hazardous waste be treated, stored, and disposed of in a manner that "minimize[s] the present and future threat to human health and the environment." 42 U.S.C. § 6902(b) (Supp. III 1985). The Act specifies that its objective will be advanced through the encouragement of treatment in preference to land disposal of hazardous waste. *Id.* § 6902(a)(6); *see also id.* § 6901(b)(7), (8). Land disposal in certain instances even is prohibited absent a determination by the Environmental Protection Agency (EPA) that a ban is not necessary to achieve the goals of the Act. *See, e.g., id.* § 6924(e). The RCRA authorizes the EPA to establish performance and safety standards applicable to the treatment, storage, and disposal of hazardous waste. *Id.* § 6924(a).

The EPA in January 1985 issued regulations governing the incineration and other disposal of what it labeled the "F020 series" of hazardous wastes. When ENSCO announced it would seek certification to incinerate those types of wastes at its existing Union County facility, the County responded by passing Ordinance No. 171. The F020 series wastes by definition constitute "acute hazardous waste" that under the Ordinance may not be stored, treated, or disposed of in Union County. Several of these wastes also fall within Congress' statutory ban on land disposal. *Id.* § 6924(e).

The County, in defending Ordinance No. 171 against the claim of federal preemption, relies on the command of the RCRA that "[n]othing in this chapter shall be construed to prohibit any State or political subdivision thereof from imposing any requirements, including those for site selection, which are more stringent than those imposed by [federal] regulations." *Id.* § 6929. Its ban on the treatment of F020 series wastes, Union County argues, is merely a more stringent requirement on disposal and a regulation of site selection reflecting the County's determination that there are no locations within its boundaries suitable for incineration of the designated wastes.

We agree with the County that the language in section 6929 prevents a conclusion

that Congress through the RCRA preempted all state and local regulation of hazardous waste disposal. *Cf. Hillsborough County v. Automated Medical Laboratories,* 471 U.S. 707, 105 S.Ct. 2371, 2375–76, 85 L.Ed.2d 714 (1985) (agency in issuing regulations under Public Health Service Act had declared that state and local authority was not intended to be preempted); *City of Philadelphia v. New Jersey,* 437 U.S. 617, 620–21 n. 4, 98 S.Ct. 2531, 2533–34 n. 4, 57 L.Ed.2d 475 (1978) (no clear congressional intent in RCRA to preempt entire field of interstate waste management or transportation). Even where concurrent regulation is not totally precluded, however, state and local enactments are nullified to the extent they actually conflict with federal law. *Hillsborough County,* 105 S.Ct. at 2375. A conflict exists when the local enactment " 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' " *Id.* (quoting *Hines v. Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941)). *City of Philadelphia,* relied on by the County, is not controlling on the existence of a conflict here because the state law which survived preemption in that case banned only interstate transportation and not disposal of waste and expressly excluded hazardous waste—which is subject to greater regulation under the RCRA—from its operation. 437 U.S. at 618–19 & n. 2, 98 S.Ct. at 2532–33 & n. 2.

The conflict between Ordinance No. 171 and the purposes and objectives of the RCRA is clear. The RCRA emphasizes the need for safe disposal and treatment of hazardous waste and grants to the EPA the authority to develop and detail appropriate waste procedures and to outlaw less healthful practices. Ordinance No. 171, however, ignores that F020 series wastes do exist, and through its ban on storage, treatment, and disposal in essence mandates that these wastes in Union County will not be handled in the manner deemed safest by Congress and the EPA.

Section 6929 acknowledges only the authority of state and local governmental entities to make good-faith adaptations of federal policy to local conditions. The record suggests that Union County in passing Ordinance No. 171 was not so acting. A county cannot, by attaching the label "more stringent requirements" or "site selection" to an ordinance that in language and history defies such description, arrogate to itself the power to enact a measure that as a practical matter cannot function other than to subvert federal policies concerning the safe handling of hazardous waste.

We affirm the judgment of the district court that Ordinance No. 171 is invalid as conflicting with the RCRA. *See* U.S. Const. art. VI, cl. 2.