## CITY OF JACKSONVILLE *v.* ARKANSAS DEPARTMENT OF POLLUTION CONTROL AND ECOLOGY

91-288                                        824 S.W.2d 840

Supreme Court of Arkansas
Opinion delivered March 9, 1992

*Robert E. Bamburg*, for appellant.

*Department of Pollution Control and Ecology*, by: *Steve Weaver*, for appellee.

ROBERT H. DUDLEY, Justice. Herbicides were manufactured at the former plant of the Vertac Chemical Corporation in Jacksonville. The Environmental Protection Agency, a federal agency, identified dioxin and other hazardous waste at the site of

the former plant and authorized the Arkansas Department of Pollution Control and Ecology to contract for the disposal of the waste in accordance with the controlling federal law, the Comprehensive Environmental Response, Compensation, and Liability Act, or CERCLA. Pollution Control contracted with Vertac Site Contractors, a joint venture, for the incineration of the hazardous waste. An incinerator was constructed at the former Vertac plant site and test burns were conducted. On September 25, 1990, after the contractor began burning the hazardous waste, five of its employees were arrested for violating City Ordinances Nos. 789 and 882. The charges were immediately dismissed and the Jacksonville City Council met the next night, September 26, 1990, and passed Ordinance No. 933, which apparently clarified and amended Nos. 789 and 882 to allow for the incineration of chemical wastes, but only those located at the plant site.

E.P.A. has identified additional hazardous waste at two of the City's landfills and proposes to transport that additional waste to the incinerator for disposal. The parties agree that the transportation of the additional waste from the two landfills to the incinerator would constitute a violation of the City ordinances.

Pollution Control filed suit against the City seeking a declaratory judgment that the ordinances adopted by the City to prohibit or regulate the incineration of hazardous wastes within its jurisdiction were preempted by state and federal law. The trial court granted summary judgment in favor of Pollution Control. We affirm the trial court's judgment.

For reversal the City first argues that summary judgment was erroneous because a question of fact remains to be decided. In this argument, the City contends that Pollution Control's assertion that the City was acting to usurp state and federal powers created an issue of fact. The argument is fallacious. The assertion merely states the legal issue to be resolved. Moreover, the City agreed, in the proceedings below, that there was no issue of fact to be resolved. There is no issue of fact remaining to be decided, and summary judgment is proper when the moving party is entitled to a judgment as a matter of law. *Saunders v. Nat'l Old. Line Ins. Co.*, 266 Ark. 247, 583 S.W.2d 58 (1979).

■ The City next argues that the trial court erred in granting declaratory relief because the requirements for a declaratory judgment were not met. This argument is also without merit. Among the prerequisite conditions for declaratory relief is the requirement that the issue involved in the controversy be ripe for judicial determination. *Ark. Dep't of Human Services* v. *Ross-Lawhorn*, 290 Ark. 578, 721 S.W.2d 658 (1986). The City contends there is no controversy since the ordinances allow the incineration of hazardous wastes at the Vertac plant site in accordance with state and federal law. The contention begs the question. The controversy exists because the E.P.A. proposes to transport waste from the landfills to the incinerator and the City's ordinances prohibit such transportation.

■ The City's final argument is that the trial court inappropriately applied the doctrine of preemption because, although state and federal law is extensive in the area of hazardous waste disposal, there are legislative voids to be filled by municipalities. The City argues only in generalities and does not identify any such voids nor does it tell us how its ordinances would fill such voids. The City relies upon the "savings provision" of the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6929 (1988), which provides, "Nothing in this chapter shall be construed to prohibit any State or political subdivision thereof from imposing any requirements, including those for site selection, which are more stringent than those imposed by [federal] regulations." CERCLA amended RCRA to provide for the identification and remediation of inactive hazardous waste sites. Although RCRA and CERCLA do not totally preclude concurrent regulation, state and local enactments are nullified to the extent that they actually conflict with federal law and present an obstacle to the accomplishment of the full purposes of Congress. *Ensco, Inc.* v. *Dumas*, 807 F.2d 743 (8th Cir. 1986).

RCRA embodies a national policy requiring that hazardous waste be treated, stored, and disposed of in a manner that "minimize[s] the present and future threat to human health and the environment." 42 U.S.C. § 6902(b). The Act expresses a preference for treatment rather than land disposal of hazardous waste, 42 U.S.C. § 6902(a)(6) (1988), and authorizes the E.P.A. to establish performance and safety standards applicable to the treatment, storage, and disposal of hazardous waste. 42 U.S.C.

§ 6924(a) (1988).

The E.P.A. proposes to transport hazardous waste from the City's two landfills to the former plant site for incineration. The City's ordinances would prohibit incineration of any waste not already located at the former plant site. CERCLA permits the transfer of any hazardous substance offsite for remediation so long as the facility to which it is transferred is being operated in compliance with federal law. 42 U.S.C. § 9621(d)(3) (1988). Also, the RCRA permits the transportation of hazardous waste to treatment, storage, or disposal facilities in compliance with regulations of the E.P.A. and the Department of Transportation. 42 U.S.C. § 6923 (1988). Thus, the ordinances directly conflict with federal law and frustrate the purpose of the RCRA and CERCLA to safely dispose of hazardous waste in the manner deemed safest by Congress and by the E.P.A. In *Ensco, Inc.* v. *Dumas*, 807 F.2d at 745, the court wrote, "A [city] cannot, by attaching the label 'more stringent requirements' . . . to an ordinance . . . arrogate to itself the power to enact a measure that as a practical matter cannot function other than to subvert federal policies concerning the safe handling of hazardous waste." For the same reason, the trial court correctly ruled that federal law preempted the city ordinances at issue.

Affirmed.

NEWBERN and CORBIN, JJ., would affirm on the basis of Rule 9.